BILAL A. ESSAYLI
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
JULIAN J. XU (Cal. Bar No. 341375)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3104
    Email: Julian.Xu@usdoj.gov

Attorneys for Defendant Andrea Ruth Lucas

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ESTEFANE A. FIALLOSS,<br><br>*Plaintiff*,<br><br>v.<br><br>ANDREA RUTH LUCAS,<br><br>*Defendant*. | No. 2:25-cv-01321-JLS-JPR<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Proposed Order filed concurrently herewith]<br><br>Hearing Date: September 12, 2025<br>Hearing Time: 10:30 a.m.<br>Location: Courtroom 8A<br><br>Honorable Josephine L. Staton<br>United States District Judge |

## NOTICE OF MOTION AND MOTION TO DISMISS

**PLEASE TAKE NOTICE** that on September 12, 2025, at 10:30 a.m., or as soon thereafter as it may be heard, defendant Andrea Ruth Lucas, Acting Chair of the United States Equal Employment Opportunity Commission ("Defendant") will, and hereby does, move to dismiss the complaint brought by plaintiff Estefane A. Fialloss ("Plaintiff") under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). This motion will be made before the Honorable Josephine L. Staton, United States District Judge, in Courtroom 8A, located in the First Street Federal Courthouse, 350 W. 1st Street, Los Angeles, CA. 90012.

The motion is made on the grounds that Plaintiff's claims under Title VII of the Civil Rights Act of 1964 ("Title VII") is subject to dismissal based on Plaintiff's failure to timely exhaust administrative remedies under 42 U.S.C. § 2000e-16(c). *Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2001).

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the files and records in this case, and such other evidence or argument as the Court may consider.

The motion follows the L.R. 7-3 meet and confer of counsel which took place on August 5, 2025.

Dated: August 13, 2025

BILAL A. ESSAYLI
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

  */s/ Julian J. Xu*
JULIAN J. XU
Assistant United States Attorney

Attorneys for Defendant
Andrea Ruth Lucas

i

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff brings this Title VII action against Defendant for unlawful discrimination and retaliation. Dkt. 1 ("Complaint" or "Compl.") ¶¶ 100-142. Plaintiff's claims should be dismissed under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for failure to administratively exhaust her claims. Plaintiff missed the deadline to file a formal complaint even though her employer, the United States Equal Employment Opportunity Commission ("EEOC"), informed of her of the filing requirement. For these reasons, Plaintiff's Complaint should be dismissed without leave to amend.

### II. PLAINTIFF'S ALLEGATIONS[1]

Plaintiff is a former employee of the EEOC. Compl. ¶¶ 31, 73. She began working on September 25, 2023, as an EEOC Investigator, subject to a one-year probationary period expiring on September 25, 2024. *Id.* ¶¶ 31-32.

On February 29, 2024, Plaintiff submitted a request for reasonable accommodation due to her alleged medical condition and disability. *Id.* ¶ 94. The EEOC granted this request on September 9, 2024, but denied her requests to work fully remotely and to transfer to another supervisor. *Id.* ¶ 97.

Plaintiff alleges that on March 13, 2024, her direct supervisor, Mark Brennan, made racist comments towards her and an Asian colleague, Investigator Joseph Shin. *Id.* ¶¶ 34-36. Shin reported Brennan's racist and offensive comments to Deputy District Director Patricia Kane and copied Plaintiff on that email. *Id.* ¶ 38.

Plaintiff alleges that sometime in March 2024, she requested to transfer to another unit largely due to Brennan's purported continuing harassment and discriminatory conduct. *Id.* ¶ 42. Plaintiff claims that after her request, Brennan began retaliating against her and other employees by berating them, physically touching them without

---

[1] Unless otherwise noted, the facts recited *infra* are derived from the non-conclusory allegations in Plaintiff's Complaint, which are accepted here solely for the purpose of this motion.

1

1  consent, and making offensive comments. *Id.* ¶ 44. Plaintiff alleges that despite reporting
2  these issues and requesting a transfer, the EEOC took no corrective or disciplinary action
3  against Brennan. *Id.* ¶ 46.
4        On August 27, 2024, Plaintiff emailed Brennan and copied her superiors, detailing
5  Brennan's allegedly discriminatory treatment and her superior's unwillingness to address
6  it. *Id.* ¶ 55. Plaintiff stated in this email that she believed she was being harassed because
7  she is a woman, Hispanic, has a disability, and reiterated her request to be transferred.
8  *Id.*¶¶ 55-56.
9        On August 28, 2024, Plaintiff submitted an informal complaint to the EEOC's
10 Office for Civil Rights Diversity and Inclusion ("OCRDI") claiming she had been
11 subjected to discrimination on the basis of race, national origin, sex, disability and skin
12 color. *Id.* ¶¶ 18, 57.
13       Plaintiff was permitted to situationally telework while the OCRDI's investigation
14 took place. *Id.* ¶ 58. Plaintiff was temporarily transferred to work under Manager Laura
15 Ishida. *Id.* ¶ 58, 61. Ishida allegedly ordered Plaintiff to submit daily telework plans,
16 which Plaintiff alleges was not required for other employees. *Id.* ¶ 62.
17       On September 9, 2024, Plaintiff discovered she was scheduled to conduct an
18 intake interview in the office when Brennan was also scheduled to be the intake
19 supervisor. *Id.* ¶ 64. Plaintiff notified Ishida, who informed her that she could work
20 remotely and that her intake schedule would be fixed. *Id.*
21       On September 10, 2024, Plaintiff was scheduled to conduct a telephone intake
22 interview. *Id.* ¶ 65. Plaintiff claims the case was not properly assigned to her in the
23 EEOC's scheduling system and that she alerted her supervisors. *Id.* Plaintiff conducted
24 the intake 30 minutes after its scheduled time. *Id.*
25       Later that morning, Plaintiff emailed Ishida and copied other supervisors,
26 explaining the scheduling mishap and raised concerns about her telework. *Id.* ¶¶ 65-66.
27 Ishida replied that she would schedule a meeting the next week to discuss Plaintiff's
28 concerns. *Id.* ¶ 68. Plaintiff and Union President Melva believed that setting this in-

1 | person meeting violated the terms of the telework agreement reached between Plaintiff's
2 | supervisors and the union. *Id.* ¶ 69.
3 |     Plaintiff's superiors interviewed Plaintiff multiple times over a series of days in
4 | September 2024. *Id.* ¶ 73. On September 23, 2024, two days before the end of her
5 | probationary period, Plaintiff was issued a Notice of Removal During Probationary
6 | Period. *Id.*
7 |     On September 24, 2024, the day after she was terminated, Plaintiff appealed her
8 | termination to the Merit System Protection Board ("MSPB"). *Id.* ¶ 22. The MSPB
9 | ultimately dismissed Plaintiff's appeal for lack of jurisdiction because Plaintiff was
10 | probationary employee. *Id.* ¶¶ 24-26.
11 |     On September 27, 2024, OCRDI sent Plaintiff a Notice of Right to File a Formal
12 | Complaint of Discrimination Letter. *Id.* ¶ 19, Dkt. 1-1 at 2-4 ("NORTF Letter"). The
13 | NORTF Letter stated that "to preserve [her] right to a formal complaint, [Plaintiff] **must**
14 | file a formal complaint of discrimination **within 15 calendar days** of the receipt of this
15 | notice." NORTF Letter at 3.[2] Plaintiff therefore had until October 12, 2024, to file a
16 | formal complaint.
17 |     Plaintiff did not file a formal complaint. Compl. ¶ 21. On November 6, 2024,
18 | OCRDI informed Plaintiff that her informal complaint had been dismissed because she
19 | had not filed a formal complaint. *Id.*
20 | **III.   LEGAL STANDARDS**
21 |     Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate where a complaint fails "to
22 | state a claim upon which relief can be granted." To survive a motion under Rule
23 | 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is
24 | plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55, 570 (2007). A
25 | complaint meets this standard only if it "pleads factual content that allows the court to
26 | draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[2] For clarity, in references to Plaintiff's exhibits, Defendant references the page numbers generated by ECF in blue at the top of each page.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although allegations of material fact are taken as true and construed in the light most favorable to the plaintiff, *see Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989), "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitze v. Williams*, 490 U.S. 319, 330 n. 9 (1989). "[A] liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)). Accordingly, a complaint that offers mere labels and conclusions or a formulaic recitation of the elements of a cause will not do, nor will a complaint suffice if it tenders "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678; *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2016).

## IV. ARGUMENT

### A. Plaintiff's Title VII claims are barred for failure to exhaust administrative remedies.

Under the doctrine of sovereign immunity, the United States is immune from suit unless it consents to be sued. *McGuire v. United States*, 550 F.3d 903, 913 (9th Cir. 2008). Congress waived the federal government's sovereign immunity under the provisions of Title VII for claims alleging discrimination by federal employees on the basis of race, color, religion, sex or national origin. 42 U.S.C. § 2000e–16. However, before a federal employee may bring a Title VII claim in a district court, she must first exhaust administrative remedies by filing a timely charge with the EEOC. *Id.*; *Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2001) (citing 42 U.S.C. § 2000e-16(c)). Filing a timely charge with the EEOC or the appropriate federal agency affords the agency notice of the charge, an opportunity to investigate the charge, and the narrowing of the issues for prompt adjudication and decision. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002), as amended (Feb. 20, 2002).

To exhaust administrative remedies, the aggrieved federal employee must first initiate contact with an EEO counselor within 45 days of the alleged discriminatory act.

29 C.F.R. § 1614.105(a). If an informal resolution is not achieved, the employee must then file a formal EEO complaint <u>within 15 days of receiving the notice of right to file a formal EEO complaint</u>. *See id*. at §§ 1614.105(d), 1614.106. The Court only has jurisdiction over EEO claims that were alleged and accepted for investigation, and those that are reasonably related. *Sommatino*, 255 F.3d at 708.

A federal employee may file a civil action in federal court within 90 days of receipt of the agency final action or after 180 days from the date of filing an individual complaint if agency final action has not been taken. 42 U.S.C. § 2000e–16(c); 29 C.F.R. § 1614.407(a)&(b).

Here, Plaintiff filed an informal EEO complaint on August 28, 2024. Compl. ¶ 18. After Plaintiff was removed from her position on September 23, 2024, Plaintiff did not file a second informal EEO complaint. Plaintiff received a NORTF Letter on September 27, 2024, indicating that Plaintiff had 15 calendar days to file a formal EEO complaint. *Id*. ¶ 19, NORTF Letter at 3. Plaintiff thus had to file a formal complaint within 15 days, or by October 12, 2024. Plaintiff, however, never filed a formal complaint on any claim in this case. Accordingly, Plaintiff's employment discrimination and retaliation claims are barred for her failure to exhaust administrative remedies.

**B.      Plaintiff is not excused from exhausting administrative remedies.**

Plaintiff may argue that she should be "excused" from this mandatory requirement under the doctrines of equitable tolling or equitable estoppel. Such an argument would lack merit. Administrative exhaustion of Title VII claims is required before bringing suit in federal court. 42 U.S.C. § 2000e–16; *Sommatino*, 255 F.3d at 707 (affirming dismissal of Title VII claims for lack of subject matter jurisdiction where plaintiff failed to substantially comply with EEOC claim presentment requirements); *see also Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004–05 (7th Cir. 2019) (finding that under Title VII and related statutes, exhaustion through the agency EEO process is a prerequisite to filing suit). Indeed, the Court lacks jurisdiction over EEO claims that were not alleged in an EEO complaint and accepted for investigation, or which are not reasonably related to

5

claims so alleged and accepted. *Sommatino*, 255 F.3d at 708; *see also Paige v. State of California*, 102 F.3d 1035, 1041 (9th Cir. 1996) ("The jurisdictional scope of a Title VII claimant's court action depends upon the scope of both the EEOC charge and the EEOC investigation.") Here, Plaintiff never made a formal complaint of discrimination or retaliation that was accepted for investigation or dismissed. Thus, the Court lacks jurisdiction to hear her Title VII claims now.

      Courts regularly prohibit plaintiffs from proceeding without exhausting the EEO process and without an investigation. *See Pappas v. Dist. of Columbia*, 513 F.Supp.3d 64, 78 (Dist. Ct. D.C. Jan. 12, 2021), citing *Marshall v. Fed. Express Corp.*, 130 F. 3d 1095, 1098 (D.C. Cir. 1997) (finding that prior to going to federal court, plaintiffs "must exhaust their administrative remedies by filing an EEOC charge and giving [the relevant] agency a chance to act on it."); *see also Paugh v. Lockheed Martin*, 474 F.Supp.3d 861, 866 (Dist. Ct. W. Tex. Jul. 22, 2020) (holding that "[e]mployees must exhaust administrative remedies with the EEOC before the EEOC issues a notice giving an employee the right to file a lawsuit in United States district court."); *Pederson v. Mills*, 636 F.Supp.2d 78, 83 (Dist. Ct. D.C. Jul. 20, 2009) (same). "The purpose of the administrative exhaustion doctrine is to afford the agency an opportunity to resolve the matter internally and to avoid unnecessarily burdening the courts." *Pappas*, 513 F.Supp.3d at 78.

      Plaintiff alleges that her MSPB appeal exhausted her administrative remedies as she "timely filed this lawsuit within 30 calendar days" of the MSPB's January 16, 2025, dismissal. Compl. ¶¶ 26-28, 5 U.S.C. § 7703(b)(2). This argument fails for multiple reasons.

      First, Plaintiff admits she never filed a formal complaint for her discrimination claim. She received her NORTF Letter on September 27, 2024, three days after she filed her MSPB appeal, but took no action. Accordingly, Plaintiff failed to administratively exhaust her claim for discrimination, regardless of her MSPB appeal.

      Second, as to Plaintiff's retaliation claim, Plaintiff could not have obtained relief

from the MSPB because she was removed during her probationary period. After Plaintiff was removed on September 23, 2024, her statutory remedy was to file an informal EEO complaint within 45 days of the alleged discriminatory act. 29 C.F.R. § 1614.105(a); *see also* Dkt. 1-1 at 31 ("Notice of Removal During Probationary Period"). Plaintiff did not file an informal complaint of retaliation, leaving the agency no opportunity to investigate the charge. As such, Plaintiff also failed to administratively exhaust her retaliation claim.

Instead, Plaintiff mistakenly filed an appeal to the MSPB. Compl. ¶ 22. The MSPB dismissed her appeal for lack of jurisdiction because she had been removed during her probationary period. *Id.* ¶¶ 24-26. Although Plaintiff claims she "timely filed" the Complaint within 30 calendar days of the MSPB's final decision, 5 U.S.C. § 7703 refers to judicial review of MSPB decisions.[3] Nowhere in Plaintiff's Complaint does she seek judicial review of her MSPB appeal. Even should the Court construe the Complaint as a petition for review, the Court should affirm the MSPB's dismissal of Plaintiff's appeal for lack of jurisdiction. *See Webb v. N.L.R.B.*, 824 F.2d 979 (Fed. Cir. 1987) (holding probationary employees have "no property right in continued employment.").

Plaintiff has no excuse for not following the EEOC procedures given that her position was as an EEOC Investigator. Compl. ¶ 31. The doctrines of equitable tolling or equitable estoppel would not apply in these circumstances.

### C. Leave to amend should be denied because amendment would not cure Plaintiff's failure to exhaust.

Leave to amend is properly denied when "a complaint lacks merit entirely" and further amendment would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). When assessing requests for leave to amend, district courts should consider factors such as (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. *See Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007).

---

[3] Further, EEOC Management Directive 110, which governs these claims, specifically provides that upon the dismissal by the MSPB for lack of jurisdiction, Plaintiff was required to return to the EEOC for continued processing of her complaint, or else to seek a Final Agency Decision ("FAD") prior to pursuing her claims elsewhere. 29 C.F.R. § 1614.108(f), (g); EEOC MD-110 Ch. 4, § II.B.3.

7

District courts thus have discretion to deny leave to amend a complaint for "futility," which includes when any amendment would inevitably be defeated on summary judgment. *See Roth v. Garcia Marquez*, 942 F.2d 617, 628-29 (9th Cir. 1991); *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986) ("any amendment would have been futile in that it could be defeated on a motion for summary judgment."). Here, no amendment could render Plaintiff's suit proper given her failure to exhaust administrative remedies. Accordingly, leave to amend should be denied based on the futility of amendment.

## V.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant this motion without leave to amend.

Dated: August 13, 2025

BILAL A. ESSAYLI
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

  */s/ Julian J. Xu*
JULIAN J. XU
Assistant United States Attorney

Attorneys for Defendant
Andrea Ruth Lucas

## CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.2

Counsel of record for the Defendants certifies that the memorandum of points and authorities contains 2,539 words, which complies with the word limit of L.R. 11-6.1.