Sa'id Vakili, Esq. (SBN: 176322)
*vakili@vakili.com*
Robert S. Brown, Esq. (SBN: 187845)
*rstanfordbrown@gmail.com*
Stephen P. Hoffman, Esq. (SBN: 287075)
*hoffman@vakili.com*
**VAKILI & LEUS, LLP**
3701 Wilshire Boulevard, Suite 1135
Los Angeles, California  90010-2822
**213/380-6010 |** Fax: 213/380-6051

*Counsel for Plaintiff Estefane A. Fialloss*

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| **ESTEFANE A. FIALLOSS,**<br><br>**Plaintiff,**<br><br>v.<br><br>**ANDREA RUTH LUCAS, in her official capacity as Acting Chair of the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION; and DOES 1- 10, Inclusive,**<br><br>**Defendants.** | **CASE NO.: 2:25-cv-01321-JLS-JPRx**<br><br>[*Hon. Josephine L. Staton / Courtroom 8A*]<br><br>**PLAINTIFF ESTEFANE A. FIALLOSS'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT ANDREA RUTH LUCAS'S MOTION TO DISMISS COMPLAINT** |
| | Hearing Date:   September 12, 2025<br>Time:              10:30 a.m.<br>Location:         Courtroom 8A |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

1

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ........................... 1

II.   LEGAL STANDARD ................................................................................. 1

III.  ARGUMENT ............................................................................................. 2

    A.    *Since Exhaustion of Administrative Remedies Under Title VII Is Non-Jurisdictional, Rule 12(b)(1) Is Inapplicable.* ............................................. 2

    B.    *Defendant's Rule 12(b)(6) Motion Likewise Fails for Multiple Reasons.* ...................................................................................................... 3

        1.    *A Rule 12(b)(6) Motion for Failure to Exhaust Administrative Remedies Generally Must Be Denied Unless the Failure Is Clear.* ...... 3

        2.    *If This Court Were to Alternatively Convert Defendant's Rule 12(b)(6) Motion to One for Summary Judgment, It Should Still Deny the Converted Motion.* ................................................................. 3

            a.    *Plaintiff's Complaint Sufficiently Pleads Exhaustion.* .................. 4

            b.    *Defendant Has the Burden to Establish a Failure to Exhaust, Which She Has Not Satisfied.* ........................................................ 4

            c.    *All of Plaintiff's Claims, Including for Retaliation, Were Described in Her Informal Complaint and to the EEO Counselor.* ..................................................................................... 4

            d.    *Exhaustion Only Requires That a Claimant Complete Either the EEO Process or the MSPB Process, Not Both.* ...................... 6

            e.    *Plaintiff Completed the MSPB Process When the MSPB's Decision Became Final.* ............................................................... 6

        3.    *Title VII's Limitations Periods Are Expressly Subject to Waiver, Estoppel, and Equitable Tolling.* ......................................................... 7

            a.    *Equitable Tolling* ........................................................................... 8

                 i.    *Plaintiff Was Not Only Reasonably Ignorant of Her Rights, but Defendant Both Misrepresented Those Rights to Her and Failed to Notify Her of Those Rights as Required by Law.* ........................................................................................... 8

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

1. *Plaintiff's Termination Notice Suggested that Filing a Complaint with the Agency Was Optional.* ........................ 8

2. *The Dismissal Letter Advised Plaintiff that Her Informal Complaint Had Been Dismissed When, In Fact, the Filing of Her MSPB Appeal Tolled the Limitations Period.* .......................................... 10

3. *The Dismissal Letter Told Plaintiff that It Was a Final Agency Decision and She Had the Right to File a Civil Suit.* ................................................................. 11

4. *On Dismissal of the MSPB Appeal, Defendant Was Obligated to Notify Plaintiff that She Had 45 Days to Contact an EEO Counselor and File a Formal Complaint, Yet Failed to Do So.* ...................................... 12

5. *The Motion's Empty Assertions that Plaintiff Had "No Excuse" for Not Following Agency Procedures Are Contradicted by Defendant's Own Repeated, Egregious Failures.* ...................................... 14

ii. *Defendant Would Suffer No Prejudice from Tolling Since She Was Expressly Aware of the Scope and Nature of Plaintiff's Claims and the Facts Underlying Them.* .............. 15

b. *Estoppel* ................................................................. 17

i. *Plaintiff Relied in Good Faith on Defendant's Conduct and Representations.* ..................................... 17

ii. *Defendant Knew or Should Have Known that Her Conduct and Representations to Plaintiff Were Deceptive.* ................. 18

iii. *The Purposes of the Limitations Period Have Been Satisfied.* ................................................ 18

C. *If This Court Elects to Dismiss Plaintiff's Complaint, Leave to Amend Should Be Granted.* ................................................... 18

IV.    **CONCLUSION** .................................................. 19

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

# **TABLE OF AUTHORITIES**

## **Cases**

*Albino v. Baca*
  747 F.3d 1162 (9th Cir. 2014) ........................................................................... 3, 4

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009) ............................................................................................... 2

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544 (2007) ............................................................................................... 1

*Crowe v. Wormuth*
  74 F.4th 1011 (9th Cir. (Cal.) 2023)................................................................... 6, 7

*Faulkner v. ADT Servs., Inc.*
  706 F.3d 1017 (9th Cir. (Cal.) 2013 ...................................................................... 2

*Foman v. Davis*
  371 U.S. 178 (1962) ............................................................................................. 19

*Fort Bend Cnty. v. Davis*
  587 U.S. 541 (2019) ............................................................................................... 2

*Green v. City & Cnty. of San Fran.*
  2021 U.S. Dist. LEXIS 161990 .............................................................................. 8

*Greenlaw v. Su*
  2023 U.S. Dist. LEXIS 216269 (N.D. Cal. Dec. 5)...........................................2, 13

*Hall v. City of Los Angeles,*
  697 F.3d 1059 (9th Cir. (Cal.) 2012)................................................................... 19

*Kraus v. Presidio Tr. Facilities Div./Residential Mgmt. Branch*
  572 F.3d 1039 (9th Cir. (Cal.) 2009).................................................................... 4

*Marcos v. U.S. Dep't of the Navy*
  2023 U.S. Dist. LEXIS 172033 .............................................................................. 4

4

*Munene v. Mayorkas*
   2023 U.S. Dist. LEXIS 166827 ............................................................. 6, 7

*Naton v. Bank of Cal.*
   649 F.2d 691 (9th Cir. (Cal.) 1981) .................................................. 17

*Pena v. U.S. Postal Serv.*
   2020 U.S. Dist. LEXIS 49080 (N.D. Cal. Mar. 18) ............................... 2

*Sherman v. Mnuchin*
   2017 U.S. Dist. LEXIS 70922 (C.D. Cal. May 9) ............................... 10

*Sloan v. West*
   140 F.3d 1255 (1998) ........................................................................ 10

*Tabaddor v. Holder*
   156 F.Supp.3d 1076 (C.D. Cal. 2015) ................................................. 3

*Tangle Inc. v. Aritzia, Inc.*
   698 F.Supp.3d 1180 (N.D. Cal. 2023) ................................................. 2

*Vasquez v. Kiewit Infrastructure W., Co.*
   2020 U.S. Dist. LEXIS 95533 .............................................................. 2

*Williams v. Owens-Ill., Inc.*
   665 F.2d 918 (9th Cir. (Cal.) 1982) ..................................................... 8

*Williams v. Paramo*
   775 F.3d 1182 (9th Cir. (Cal.) 2015) ................................................... 2

*Williams v. Wolf*
   2019 U.S. Dist. LEXIS 204376 ........................................................... 3

**Statutes**

Code of Federal Regulations

   29 C.F.R. § 1614.108(f) ..................................................................... 11

   29 C.F.R. § 1614.302(b) ........................................................ 10, 12, 13

   29 C.F.R. § 1614.604(f) ....................................................................... 7

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

Federal Rules of Civil Procedure

15(a)(2) ............................................................................................................. 18

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

1  ## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2  ## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

3       On February 14, 2025, plaintiff Estefane A. Fialloss ("Plaintiff") filed a Complaint
4  for relief pursuant to Title VII of the Civil Rights Act of 1964.  In response, defendant
5  Andrea Ruth Lucas, in her official capacity as Acting Chair of the U.S. Equal
6  Employment Opportunity Commission (herein, "Defendant" or "Agency") has filed a
7  Motion to Dismiss ("Motion"), requesting that this Court dismiss the Complaint pursuant
8  to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure due to an alleged
9  failure to exhaust administrative remedies.  However, neither of those rules provides a
10 procedurally proper means for seeking dismissal in this case.

11      Specifically, the Supreme Court has clarified that Title VII's charge-filing rules
12 are non-jurisdictional, making Rule 12(b)(1) inapplicable as a matter of law.  Ninth
13 Circuit authority further instructs that exhaustion disputes are ordinarily addressed on
14 summary judgment unless a failure to exhaust is clear on the face of the complaint—
15 which is not the case here—thus rendering Rule 12(b)(6) inapplicable as well.  Finally,
16 even if this Court were to convert the Motion from a 12(b)(6) motion to a Motion for
17 Summary Judgment, Defendant cannot meet her Rule 56 burden; in fact, the Complaint
18 and relevant law confirm that Plaintiff timely and adequately exhausted her
19 administrative remedies, or even if she did not, that equitable tolling and estoppel should
20 be applied.

21      As those are the only two bases identified in Defendant's Motion, it should be
22 denied.  Alternatively, this Court should grant Plaintiff leave to amend.

23 ## II.    LEGAL STANDARD

24      To survive a Rule 12(b) motion to dismiss, a complaint only needs to allege
25 "enough facts to state a claim to relief that is plausible on its face." (*Bell Atl. Corp. v.*
26 *Twombly*, 550 U.S. 544 (2007).)  "A claim has facial plausibility when 'the plaintiff
27 pleads factual content that allows the court to draw the reasonable inference that the

1

defendant is liable for the misconduct alleged.'"  (*Faulkner v. ADT Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. (Cal.) 2013) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).) In deciding the motion, this Court must accept all well-pleaded allegations as true and draw all reasonable inferences in Plaintiff's favor.  (*Tangle Inc. v. Aritzia, Inc.*, 698 F. Supp. 3d 1180, 1185 (N.D. Cal. 2023).)

### III.    ARGUMENT

#### A.    *Since Exhaustion of Administrative Remedies Under Title VII Is Non-Jurisdictional, Rule 12(b)(1) Is Inapplicable.*

In 2019, the United States Supreme Court explicitly—and *unanimously*—held that "Title VII's charge-filing instruction is not jurisdictional, a term generally reserved to describe the classes of cases a court may entertain (subject-matter jurisdiction) or the persons over whom a court may exercise adjudicatory authority (personal jurisdiction). [Citation.]  Prerequisites to suit like Title VII's charge-filing instruction are not of that character[.]"  (*Fort Bend Cnty. v. Davis*, 587 U.S. 541, 543 (2019); *see also Vasquez v. Kiewit Infrastructure W., Co.*, 2020 U.S. Dist. LEXIS 95533, at *9 (D. Haw. Jun. 1) (observing that the *Fort Bend* decision "abrogates the Ninth Circuit Court of Appeals' decisions which have ruled that administrative exhaustion is jurisdictional"); *accord Greenlaw v. Su*, 2023 U.S. Dist. LEXIS 216269, at *3 (N.D. Cal. Dec. 5).)

And while Defendant's Motion cites *Sommatino v. United States*, noting in a parenthetical that the case "affirm[ed] dismissal of Title VII claims for lack of subject matter jurisdiction where plaintiff failed to substantially comply with EEOC claim presentment requirements" (Motion, at 5:21-24), post-*Fort Bend* decisions by Ninth Circuit courts have emphasized that "[i]n light of the Supreme Court's recent decision in [*Fort Bend*], the Ninth Circuit's Sommatino decision is no longer good law ….."  (*Pena v. U.S. Postal Serv.*, 2020 U.S. Dist. LEXIS 49080, at *14 (N.D. Cal. Mar. 18) (citations omitted); *accord Williams v. Wolf*, 2019 U.S. Dist. LEXIS 204376, at *17-18 (N.D. Cal.

2

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

Nov. 25).)  Accordingly, Rule 12(b)(1) is not applicable to Plaintiff's claims as a matter of law, and Defendant's Motion must be denied on that ground.

### B.   *Defendant's Rule 12(b)(6) Motion Likewise Fails for Multiple Reasons.*

#### 1.   <u>A Rule 12(b)(6) Motion for Failure to Exhaust Administrative Remedies Generally Must Be Denied Unless the Failure Is Clear.</u>

Defendant's Motion also argues that Plaintiff's Complaint should be dismissed under Rule 12(b)(6) for failure to exhaust.  However, unless the failure to exhaust "is clear on the face of the complaint," a Rule 12(b) motion is procedurally inappropriate and the motion must instead be treated as one for summary judgment.  (*Tabaddor v. Holder*, 156 F. Supp. 3d 1076, 1080 (C.D. Cal. 2015); *accord Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (*en banc*); *see also Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. (Cal.) 2015) ("the proper procedural device for determining whether administrative remedies have been exhausted is a summary judgment motion") (*citing Albino*).)  As should be evident from Plaintiff's detailed allegations regarding exhaustion, this is not, as courts have described, one of "those rare cases where a failure to exhaust is clear from the face of the complaint."  (*Albino*, 747 F.3d at 1169.)

Since Defendant's Motion only requests dismissal under Rule 12(b)(1) and Rule 12(b)(6), and since neither of these rules provide a valid legal basis for dismissing Plaintiff's Complaint, the Motion must be denied in its entirety.

#### 2.   <u>If This Court Were to Alternatively Convert Defendant's Rule 12(b)(6) Motion to One for Summary Judgment, It Should Still Deny the Converted Motion.</u>

Even if this Court were to convert Defendant's Rule 12(b)(6) motion to a motion for summary judgment under Rule 56, the converted motion should likewise be denied for several reasons.  In that situation, given this Court's unambiguous pronouncement that "[a] party may file only one summary judgment motion in a case" (Initial Standing

Order [Dkt. 9], at 7:2), Defendant should moreover be prohibited from bringing another
motion for summary judgment in this Action.

### a. Plaintiff's Complaint Sufficiently Pleads Exhaustion.

As an initial matter, Plaintiff's Complaint clearly and explicitly details several
facts—supported by evidence—that show she sufficiently exhausted her administrative
remedies, including that she timely filed her MSPB Appeal, the appeal was dismissed by
way of a final decision, and she filed this Action within the required timeframe. (*See*
Compl., ¶¶ 18-28.)

### b. Defendant Has the Burden to Establish a Failure to Exhaust, Which She Has Not Satisfied.

Even if Plaintiff did not mention exhaustion in her Complaint, however, "'a
plaintiff is not required to say anything about exhaustion in his complaint,' because
'failure to exhaust is an affirmative defense.'" (*Marcos v. U.S. Dep't of the Navy*, 2023
U.S. Dist. LEXIS 172033 (D. Haw. Sept. 26) (*quoting Albino*, 747 F.3d at 1169); *accord
Kraus v. Presidio Tr. Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1046 n.7
(9th Cir. (Cal.) 2009).) Although Defendant's Motion repeatedly argues that Plaintiff did
not exhaust her administrative remedies, those arguments are contradicted by the facts
specifically and affirmatively alleged in her Complaint.

### c. All of Plaintiff's Claims, Including for Retaliation, Were Described in Her Informal Complaint and to the EEO Counselor.

Defendant further argues that Plaintiff failed to exhaust her claims because the
Agency had "no opportunity" to investigate Plaintiff's claims, particularly her retaliation
claims. (*See, e.g.*, Motion, at 7:4-6.) That assertion, however, is demonstrably
inaccurate.

In the OCRDI Contact Form (herein, "Contact Form") that Plaintiff submitted to
initiate the counseling process, she explicitly identified in the "Alleged Issues" section,
among other grounds for her complaint, "Other: Intimidation, Retaliation." (Declaration

4

of Sa'id Vakili ("Vakili Decl."), ¶ 2 & **Exh. "A"**: Contact Form, at 1.)  Plaintiff also spoke with the EEO specialist who was processing her complaint ("EEO Counselor Millan") after she submitted the Contact Form to report *subsequent* discrimination and retaliation against her, including her ultimate termination on September 23, 2024.  The Agency's Notice of Right to File letter dated September 27, 2024 ("NORTF Letter")[1] corroborates this by impliedly referring to Plaintiff's Contact Form, saying that: "On August 28, 2024, you contacted [OCRDI] and claimed that you have been subjected to discrimination...."  (NORTF Letter, at 1.)  Then, after identifying some of Plaintiff's specific discrimination claims, the letter states:

> You also believe *you were subjected to reprisal (protected EEO activity)* when:
>
> d. On or around *August 28, 2024*, you were informed that you must submit telework reports daily;
>
> e. During your intake week of *September 9, 2024*, you encountered several issues related to the appointment schedule of cases assigned to you.  You were unable to access the portal for case #480-2024-06161 but the same case was assigned to you on the intake log sheet;
>
> f. On *September 17, 2024*, you became aware that the Los Angeles District Director provided false information to the Disability Program Manager to deny your request for reasonable accommodation; and
>
> g. On *September 23, 2024*, you were issued a Notice of Removal During Probationary Period which terminated your employment immediately.

(NORTF Letter, at 1-2 (emphasis added).)  Thus, although the NORTF Letter may not have explicitly used the word "retaliation," the word "reprisal" was clearly referring to retaliatory conduct alleged by Plaintiff against the Agency, including conduct that

---

[1] The NORTF Letter was provided as Exh. "1" to Plaintiff's Cmplt. [Dkt. 1-1, at 1-4].

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

Plaintiff had specifically described as retaliation.  As the dates listed make even clearer, Plaintiff also reported the Agency's subsequent retaliatory conduct to EEO Counselor Millan, including her termination.  Accordingly, Defendant's suggestion that she had "no opportunity to investigate" the claims, especially Plaintiff's retaliation claims, is baseless.

### d. Exhaustion Only Requires That a Claimant Complete Either the EEO Process or the MSPB Process, Not Both.

In her Motion, Defendant further suggests that Plaintiff's failure to file a formal EEO complaint is fatal to her exhaustion requirement "regardless of her MSPB appeal." (Motion, at 6:26-27.)  However, this is simply incorrect.

Although a federal employee often exhausts a Title VII claim by filing a complaint with the Equal Employment Office (EEO), where the claimant asserts that an adverse employment action was based on unlawful discrimination, "***the employee exhausts administrative remedies for purposes of Title VII by either***: (1) filing a complaint with the agency EEO, with an optional appeal to the MSPB, or (2) ***appealing the employment action directly to the MSPB***."  (*Munene v. Mayorkas*, 2023 U.S. Dist. LEXIS 166827, at \*11-12 (D. Ariz. Sept. 19) (emphasis added, footnote omitted); *accord Crowe v. Wormuth*, 74 F.4th 1011, 1024-25 (9th Cir. (Cal.) 2023) (Although "federal employees with mixed cases [have] some options in terms of the administrative process they wish to pursue [*i.e.*, filing an internal EEO complaint or an MSPB appeal], they must exhaust one of the available processes before filing a case in federal court.") (citations omitted).)

Here, Plaintiff chose to appeal directly to the MSPB, which she believed she was entitled to do, as supported by case law and Defendant's representations to her.  She was not required to complete the EEO process, as Defendant claims, regardless of her MSPB appeal, and Defendant provides no legal authority to support her position.

### e. Plaintiff Completed the MSPB Process When the MSPB's Decision Became Final.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

Once the MSPB's initial decision became final, Plaintiff completed the MSPB process and thus properly exhausted her administrative remedies. In fact, Ninth Circuit case law is clear that after the MSPB has issued a final decision on her mixed case appeal, a complainant like Plaintiff may file a federal lawsuit:

> Once the mixed case reaches the MSPB—either as an appeal from the agency's final decision in the EEO process or ***as a direct appeal from the adverse employment action that is filed initially with the MSPB***—the MSPB may provide a final decision on both parts of the employee's mixed case. [Citation.] After the MSPB issues a final decision, or after a specified amount of time has passed without a decision, the employee may choose either to seek further administrative review of his discrimination claim before the EEOC, [citation], ***or to bring his case in the appropriate federal district court*** (not the Federal Circuit).

(*Crowe*, 74 F.4th at 1024 (emphasis added, citations and footnote omitted).) And, although the *Crowe* Court's language is quite clear, other cases state it even more plainly: "An employee who files a mixed case appeal to the MSPB may file a civil action within 30 days of receipt of notice of the MSPB's final decision." (*Munene*, 2023 U.S. Dist. LEXIS 166827, at *12 (citations omitted).) The MSPB's decision became final on January 16, 2025, and Plaintiff timely filed this lawsuit on February 14, 2025. Therefore, Plaintiff properly exhausted her administrative remedies.

### 3. Title VII's Limitations Periods Are Expressly Subject to Waiver, Estoppel, and Equitable Tolling.

Even if Plaintiff *were* procedurally required to file a formal complaint with the EEOC after her MSPB Appeal was denied, the time limits for doing so are explicitly "subject to waiver, estoppel, and equitable tolling." (29 C.F.R. § 1614.604(f).) Although waiver may not be particularly apt, estoppel and equitable tolling are specifically relevant and should be allowed here.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

### a. Equitable Tolling

Complainants must not be prejudiced by the EEOC's failure to comply with its own procedural obligations and duties, a principle recently reinforced by a California district court: "The Ninth Circuit is unequivocal that a complainant is not to be prejudiced by the failure of the EEOC to fulfill (1) procedural requirements imposed upon it by statute [citations] or (2) the procedures it has imposed upon itself." (*Green v. City & Cnty. of San Fran.*, 2021 U.S. Dist. LEXIS 161990, at *67 (N.D. Cal. Aug. 26) (citations omitted); *accord Williams v. Owens-Ill., Inc.*, 665 F.2d 918, 923 n.2 (9th Cir. (Cal.) 1982), *opinion modified on denial of reh'g*, 1982 U.S. App. LEXIS 18481 (9th Cir. (Cal.) Jun. 11) ("This court has held that a complainant is not charged with the failure of the EEOC to fulfill procedural requirements imposed upon it by statute. The same principle relieves the complainant from the consequences of a failure of the EEOC to follow the procedures it has imposed upon itself.") (citations omitted).).

When determining if equitable tolling is appropriate, courts focus on two main factors: (1) whether the plaintiff was excusably ignorant of her rights or obligations regarding the limitations period; and (2) whether the defendant would suffer prejudice if tolling were granted. Both of these factors weigh heavily in favor of Plaintiff.

       i. <u>Plaintiff Was Not Only Reasonably Ignorant of Her Rights, but
Defendant Both Misrepresented Those Rights to Her and Failed to
Notify Her of Those Rights as Required by Law.</u>

### 1. Plaintiff's Termination Notice Suggested that Filing a Complaint with the Agency Was Optional.

Defendant's Motion argues that Plaintiff failed to exhaust her retaliation claim since "she could not have obtained relief from the MSPB because she was removed during her probationary period." (Motion, at 6:28-7:1.) Consequently, Defendant asserts, "her statutory remedy was to file an informal EEO complaint within 45 days of

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

the alleged discriminatory act." (Motion, at 7:1-4 (citations omitted).) However, Plaintiff's rights as described in the written notice given to her read *markedly* different.

On September 23, 2024, District Director Park-Gonzalez delivered a digitally signed memo to Plaintiff titled "Notice of Removal During Probationary Period" ("Termination Notice"). The Termination Notice included a section called "RIGHTS AND PROCEDURES," where the text immediately below the section title explains that Plaintiff may have the opportunity to appeal her termination to the MSPB, stating:

> You may be able to appeal your termination to the Merit System Protection Board (MSPB) within thirty (30) calendar days from the date of your removal (i.e. the effective date). The procedures for filing an appeal with the MSPB are located at www.mspb.gov and the e-Appeal form may be found at http://www.mspb.gov/appeals/forms.htm.

(Termination Notice, at 4.) The notice then specifies which regional MSPB office to file an appeal with, along with the contact information for the Agency's point of contact, spanning several lines into page 5. It is only near the very end of the five-page notice where it mentions any relevant Agency procedures, and the language in those two sentences strongly suggests that those procedures are *optional*:

> If you believe your removal is based on a prohibited reason under the anti-discrimination statutes, you *also* have the *right* to file a complaint with the EEOC consistent with the provisions of 5 U.S.C. 7121(d) and 29 C.F.R. 1614.301 and 1614.302, found at www.eeoc.gov. ***Should you decide*** to file a complaint, you ***must first*** contact the EEOC Office of Civil Rights, Diversity and Inclusion (OCRDI) at (202) 663-7081 within forty-five (45) calendar days of the effective date of this action.

(*Id.*, at 5 (emphasis added).) Since Plaintiff believed that her termination violated Title VII's antidiscrimination statutes, she filed her appeal with the MSPB the next day. (*See* Compl., ¶ 22.) Nothing in the Termination Notice led her to believe she was *required* to

file a formal complaint or that failing to do so would bar her claims. If the Defendant had told Plaintiff that she *must* file a formal EEO complaint "regardless of her MSPB appeal," as she now claims in her Motion, Plaintiff would have done so.

> ## 2. The Dismissal Letter Advised Plaintiff that Her Informal Complaint Had Been Dismissed When, In Fact, the Filing of Her MSPB Appeal Tolled the Limitations Period.

Defendant asserts that Plaintiff failed to exhaust her administrative remedies for her discrimination claims because "[s]he received her NORTF Letter on September 27, 2024, three days after she filed her MSPB appeal, but took no action." (Motion, at 6:25-26.) However, this overlooks the well-established principle that a claimant's deadline to file a formal EEO complaint is tolled during ongoing MSPB proceedings, even if the MSPB ultimately dismisses the claims for lack of jurisdiction. (*See, e.g.*, *Sloan v. West*, 140 F.3d 1255, 1260-61 & n.17 (9th Cir. (Haw.) 1998) (even if the MSPB may find it lacks jurisdiction, filing with the MSPB tolls the statute of limitations for filing a formal complaint with the agency EEO, and "[t]he statute of limitations is also tolled while the MSPB is considering the jurisdictional issue") (*citing* 29 C.F.R. § 1614.302(b)); *see also Sherman v. Mnuchin*, 2017 U.S. Dist. LEXIS 70922, at *7 (C.D. Cal. May 9) ("[W]hile a claim is pending before the MSPB or the Federal Circuit, the 45-day period [to contact an EEO counselor before filing a formal complaint] is tolled.") (*citing Sloan*).)

In contrast, the Agency's November 6, 2024 Notice of Dismissal letter to Plaintiff ("Dismissal Letter") stated that "OCRDI deemed your complaint dismissed on October 14, 2024 because you had not filed a formal complaint by that point." (Vakili Decl., ¶ 3 & **Exh. "B"**: Dismissal Letter, at 1.) However, the very next paragraph of the letter acknowledges that "you have indicated that you were pursuing a claim through the [MSPB]" (*id.*), indicating that the Agency knew or should have known that the deadline for filing a formal complaint was subject to tolling. Because of this, the Agency could not have properly dismissed Plaintiff's informal complaint on October 14, 2024.

Furthermore, since Defendant had actual notice of Plaintiff's MSPB Appeal before sending the Dismissal Letter, Defendant knew or reasonably should have known that her representation that Plaintiff's informal complaint had been dismissed was false at the time she made it, yet she made the representation anyway and failed to correct it.

### 3. The Dismissal Letter Told Plaintiff that It <u>Was</u> a Final Agency Decision and She Had the Right to File a Civil Suit.

Defendant next invokes the language of EEOC Management Directive 110 ("MD-110"), claiming that it "governs these claims[ and] specifically provides that, upon the dismissal by the MSPB for lack of jurisdiction, Plaintiff was required to return to the EEOC for continued processing of her complaint or else to seek a Final Agency Decision ('FAD') prior to pursuing her claims elsewhere." (Motion, at 7 n.3 (emphasis added) (citing 29 C.F.R. § 1614.108(f), (g) and EEOC MD-110 Ch. 4, § II.B.3.).) While Defendant suggests this is fatal to Plaintiff's claims, she appears to overlook the multiple portions in the Dismissal Letter which unambiguously represented to Plaintiff that the dismissal was a Final Agency Decision and that she could file suit in federal district court.

In that letter—signed by Conor Ahern, the Acting Director for the Investigations & Compliance Division of OCRDI ("Acting Director Ahern")—Defendant advised Plaintiff that "OCRDI deemed your complaint dismissed on October 14, 2024" and further stated that "[y]our appeal rights are explained in detail in the enclosure, which includes a copy of Form 573, through which you would submit an appeal." (Dismissal Letter, at 1.) The enclosure line identified only two documents: "Appeal Rights & Form 573." (*Id.*) The first enclosure was a document titled "Notice of Appeal Rights" (herein, "Notice") that states (in its first sentence, no less): "Within 30 days of your receipt of ***this Final Agency Decision***…." (Vakili Decl., ¶ 4 & <u>**Exh. "C"**</u>: Notice, at 1.) In fact, the roughly 1.5-page Notice uses the phrase "this Final Agency Decision" in ***five separate places*** and uses the similar phrase "the Final Agency Decision" once. The Notice also

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

advised Plaintiff that "[*y*]*ou also have the right to file a civil action in an appropriate United States district court.*"  (Notice, at 1 (emphasis added).)

Thus, Defendant affirmatively and explicitly represented to Plaintiff that the dismissal of her informal complaint constituted a Final Agency Decision, and further, that she had the right to file a civil suit in federal district court, which is precisely what she did.  Defendant cannot now reasonably claim that Plaintiff should *not* have done that.

### 4. On Dismissal of the MSPB Appeal, Defendant Was Obligated to Notify Plaintiff that She Had 45 Days to Contact an EEO Counselor and File a Formal Complaint, Yet Failed to Do So.

Section 1614.302(b)[2] describes a complainant's right to elect whether she wants to proceed with the Agency or instead with the MSPB, along with applicable legal protections, stating in relevant part:

> If a person files a mixed case appeal with the MSPB instead of a mixed case complaint and the MSPB dismisses the appeal for jurisdictional reasons, *the agency shall promptly notify the individual in writing of the right to contact an EEO counselor within 45 days of receipt of this notice and to file an EEO complaint*, subject to § 1614.107.

(29 C.F.R. § 1614.302(b) (emphasis added).)   This notice requirement is similarly reflected in the MD-110, which states in relevant part:

> If an individual files a mixed case appeal with the MSPB instead of a mixed case complaint, and the MSPB subsequently dismisses the appeal as non-jurisdictional, *the agency must inform the individual that s/he may contact an EEO Counselor within forty-five (45) days to raise the discrimination*

---

[2] Unless otherwise indicated, the terms "Section" and "Sections" are used hereafter to refer to the specified section(s) of Title 29 of the Code of Federal Regulations.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

*claim(s) and that the filing date of the mixed case appeal will be deemed to*
*be the date the individual initially contacted the EEO Counselor*.

(MD-110, Ch. 4, § II.B.3.a. (emphasis added).)[3]  Despite her indisputable obligation to
do so, however, Defendant did not notify Plaintiff of these rights after her MSPB Appeal
was dismissed.  That failure alone should be fatal to Defendant's Motion.  (*See, e.g.*,
*Greenlaw v. Su*, 2023 U.S. Dist. LEXIS 216269, at *4-5 & n.2 (N.D. Cal. Dec. 5) (where
agency similarly failed to "provide [plaintiff] with notice of further administrative
proceedings pursuant 29 C.F.R. § 1614.302(b)," the court denied agency's motion to
dismiss and held that plaintiff "should be permitted to proceed with her [Title VII and
other] remaining claims in this litigation").)

Regardless, since the Dismissal Letter specifically notes that "you have indicated
that you were pursuing a claim through the [MSPB]," Defendant had actual notice of
Plaintiff's MSPB Appeal no later than November 6, 2024.  (Dismissal Letter, at 1.)
Additionally, Defendant actively participated in the MSPB proceedings, including by
filing a motion to dismiss for lack of jurisdiction, which was ultimately granted by the
administrative law judge in the initial decision issued on December 12, 2024.  (*See*
Compl., ¶ 25.)  The initial decision became the final decision effective January 16, 2025
(*id.*, ¶ 26), at which point Defendant was explicitly required by Section 1614.302(b) and
the MD-110 provisions quoted above to "promptly notify" Plaintiff of her rights.  Had
the Defendant complied with her obligations, Plaintiff would have timely contacted an
EEO counselor and taken any other necessary actions.[4]

---

[3] Ironically, Defendant's Motion cites the same section (§ II.B.3.) of the MD-110 in
support of a different position, apparently not realizing that she failed to comply with the
language quoted above.  (Motion, at 7 n.3.)

[4] In addition, Defendant should be deemed to have had actual or constructive notice
that Plaintiff actually and reasonably believed the Termination Notice constituted a Final
Agency Decision by way of Plaintiff's MSPB Form 185 [Dkt. 1-1, at 6-9], which asked

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

Furthermore, if Defendant *had* notified Plaintiff that she could contact an EEO counselor within 45 days after her MSPB Appeal was dismissed to file a formal complaint, it would have exposed that the statement in the Dismissal Letter that her informal complaint had been dismissed was false.  By failing to notify Plaintiff, Defendant did not correct what she already knew or should have known was inaccurate.

### 5. The Motion's Empty Assertions that Plaintiff Had "No Excuse" for Not Following Agency Procedures Are Contradicted by Defendant's Own Repeated, Egregious Failures.

Despite Defendant's myriad failures to comply with applicable law and procedures, her Motion incredibly asserts that "Plaintiff has no excuse for not following the EEOC procedures given that her position was as an EEOC Investigator." (Motion, at 7:16-17.)   Defendant's argument loses its bite given that the Agency expressly acknowledges on its official website that "[i]f the MSPB dismisses an appeal for lack of jurisdiction, the next step for employees and agencies may be ***confusing***."[5]  The very next sentence further emphasizes the Agency's notice obligations upon dismissal by the MSPB, providing that "[i]f the MSPB finds no jurisdiction with respect to a mixed case appeal, the agency must inform the employee of the right to contact an EEO counselor within 45 days"[6]—obligations which, again, Defendant failed to comply with.  Defendant cannot concede the "confusing" nature of the process, fail to comply with her own legal obligations to notify Plaintiff of her rights, and then reasonably assert that Plaintiff has

_____

at Question No. 13 "Date you received the agency's final decision letter (if any)," to which Plaintiff answered "09/23/2024."  (*See* Dkt. 1-1, at 7.)

[5] EEOC.gov, "EEO Rights for Appeals and Complaints Differ After MSPB Dismisses for Lack of Jurisdiction," *in* Mixed Cases in the Federal EEO Complaint Process, *available at* https://www.eeoc.gov/mixed-cases-federal-eeo-complaint-process (last accessed Aug. 18, 2025) (emphasis added).

[6] *Id.* & n.26 (citing 29 C.F.R. § 1614.302(b) as well as MD-110 Chap. 4, § II.B.3.a.).

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

"no excuse" for not understanding those rights.  And that is simply one instance of many where Defendant failed to follow applicable law or the unambiguous, self-imposed procedures laid out in the MD-110.  Defendant's assertions that Plaintiff's purported failures to follow procedures somehow doom her Complaint should thus be disregarded.

> ii. *Defendant Would Suffer No Prejudice from Tolling Since She Was Expressly Aware of the Scope and Nature of Plaintiff's Claims and the Facts Underlying Them.*

Next, Defendant makes vague and factually devoid assertions that she did not have the opportunity to investigate Plaintiff's claims, arguing that this provides another example of the latter's alleged failure to exhaust.  (*See, e.g.*, Motion, at 7:4-6 (retaliation claim).)  This argument is baseless.

Plaintiff submitted her completed Contact Form to OCRDI on August 28, 2024.  The Contact Form provided her contact information and indicated: (1) that she was bringing her discrimination claims under Title VII; (2) the alleged bases for same (race, national origin, sex, disability, and color); and (3) the alleged issues (assignment of duties, harassment, denial of reasonable accommodation, terms and conditions of employment, intimidation, and retaliation).   The form also included several specific examples of the discrimination and issues alleged and identified three agency officials as potential witnesses: Mark Brennan; Patricia Kane; and Laura Ishida.  Plaintiff submitted the completed Contact Form via email to OCRDI (contact_ocrdi@eeoc.gov) as requested by the form.  She then promptly followed up with the EEO counselor (Joel Millan) to report subsequent discrimination and retaliation, including her unceremonious termination.  Unsurprisingly, this is precisely what a formal EEOC complaint requests.[7]

---

[7] While the EEOC maintains an "official form" for formal complaints (EEOC Form 429, titled "Individual Complaint of Employment Discrimination Against the EEOC"), that form's language makes clear that use of the form is *optional*.  (*See* NORTF Letter, at

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

In particular, the NORTF Letter provides the following instructions: (1) "[y]our complaint may be emailed to Contact_OCRDI@eeoc.gov"; (2) it "must contain a precise Claim of Discrimination which specifically describes the alleged discriminatory actions or practices that form the basis of the complaint"; (3) "[o]nly matters raised during the counseling stage may be included in the formal complaint"; (4) it "must contain the telephone number and address where you and/or your representative may be contacted"; and (5) it "must also state whether you have filed a grievance under a negotiated grievance procedure or an appeal with the [MSPB] on the same employment related matter." (NORTF Letter, at 3 (internal quotation marks omitted).)

Here, Plaintiff provided all of that (then-current) information in her Contact Form, and the email address to submit the Contact Form is the same as for submitting a formal complaint. Furthermore, not long after she contacted OCRDI, EEO Counselor Millan conducted interviews with the three management officials identified in Plaintiff's Contact Form as well as Deputy Director Park-Gonzalez (who terminated Plaintiff), and is believed to have performed other tasks in investigating Plaintiff's claims. In other words, by no later than September 27, 2024, Defendant knew or became aware of the nature, scope, and bases for Plaintiff's claims as well as the facts and evidence underlying same, and additionally investigated those claims, including by conducting thoroughly documented interviews of four key management personnel who were involved.[8]

Given this wealth of knowledge, Defendant's assertions that she did not have an opportunity to investigate Plaintiff's claims ring thunderously hollow and should be disregarded. Defendant has not shown—and cannot show—that she would be unduly

---

2 ("In order *to expedite the processing of* your complaint, please use the … EEOC FORM 429 (Revised 08/2009), which is included with this notice[.]").)

[8] The detailed responses provided during those four interviews are provided at Exhibit "3" to Plaintiff's Complaint [Dkt. 1-1, at 10-15].

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

prejudiced if Plaintiff's claims were equitably tolled, and this conclusion becomes even more inescapable since Plaintiff alleged these same issues in her MSPB Appeal.

Thus, if absolutely necessary, Plaintiff should be allowed to file a formal complaint with the Agency regarding her claims. Plaintiff respectfully requests instead, however, that this Court deny Defendant's Motion and allow this litigation to proceed.

### b. Estoppel

Defendant should also be equitably estopped from asserting that Plaintiff failed to exhaust her administrative remedies. A finding of equitable estoppel rests on the consideration of a non-exhaustive list of several factors, including, but not limited to: (1) whether the plaintiff actually and reasonably relied on the defendant's conduct or representations; (2) whether the defendant had actual or constructive knowledge of the deceptive nature of its conduct or representations; and (3) the extent to which the purposes of the limitations period have been satisfied, notwithstanding the delay in the filing. (*See Naton v. Bank of Cal.*, 649 F.2d 691, 696 (9th Cir. (Cal.) 1981).) Here, these factors inarguably favor Plaintiff.

### i. <u>Plaintiff Relied in Good Faith on Defendant's Conduct and Representations.</u>

As detailed *supra*, Defendant made numerous representations—both explicitly and by her conduct—to Plaintiff regarding the latter's rights and obligations, as well as the applicable procedures if she wished to pursue her claims further. Plaintiff understandably relied on these representations. Indeed, a reasonable person in Plaintiff's position would undoubtedly expect that the Agency would be particularly knowledgeable and experienced with those exact rights, obligations, and procedures since the Agency is the federal agency uniquely tasked with protecting and enforcing them. Furthermore, many of those representations were made in writing by high-ranking or career management personnel (*e.g.*, Acting Director Ahern for the Dismissal Letter, District Director Park-Gonzalez for the Termination Notice), and those writings specifically denoted that they

---

17

described the recipient's rights or procedures and cited to laws as presumptive support. As a result, those representations carried an indisputable and substantial air of authority, and Plaintiff actually and reasonably relied on them.[9]

### ii.  *Defendant Knew or Should Have Known that Her Conduct and Representations to Plaintiff Were Deceptive.*

While it is certainly not the only instance detailed herein where Defendant made deceptive or false representations to Plaintiff, as noted *supra*, Defendant had actual notice of Plaintiff's MSPB Appeal prior to sending the Dismissal Letter to her.  Defendant knew or reasonably should have known that the Dismissal Letter's representation that her informal complaint was dismissed (rather than tolled) was false before she sent it to Plaintiff but sent it anyway, and then completely failed to correct the representation.

### iii. *The Purposes of the Limitations Period Have Been Satisfied.*

Defendant was well aware of Plaintiff's claims by way of her informal complaint, her later reports of subsequent discrimination, EEO Counselor Millan's investigation and interviews of multiple key personnel, and Plaintiff's MSPB appeal (filed the day after she was terminated).  Accordingly, the purposes of the limitations period—*i.e.*, to ensure the Agency can promptly investigate claims, gather evidence while it is fresh, and attempt to resolve her claims without involving the courts—have been sufficiently satisfied.

### C.    If This Court Elects to Dismiss Plaintiff's Complaint, Leave to Amend Should Be Granted.

In the event that this Court elects to grant Defendant's Motion and dismiss Plaintiff's Complaint, it should grant Plaintiff leave to amend.  Courts "should freely give leave [to amend] when justice so requires."  (Fed. R. Civ. P. 15(a)(2).)   This policy

---

[9] While Defendant's Motion suggests that Plaintiff had "no excuse" for not following daunting and complex Agency procedures (Motion, at 7:16-17), Defendant completely fails to appreciate that, when she was terminated, Plaintiff was a recent college graduate and had less than one year of experience with the Agency.  (*See* Compl., ¶¶ 31-32 & 73.)

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

ensures that a plaintiff will be given an opportunity to have her claims tested on the merits. (*See Hall v. City of Los Angeles*, 697 F.3d 1059, 1073 (9th Cir. (Cal.) 2012) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)).) As Defendant has not established any valid reason for leave to be denied, Plaintiff respectfully requests that, if it is necessary for her to continue with this Action, she be granted leave to amend.

## IV.    CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court deny Defendant's Motion in its entirety. Otherwise, Plaintiff requests that she be granted leave to amend to address any perceived deficiencies in her Complaint.

DATED: August 22, 2025                    **VAKILI & LEUS, LLP**

By:  /s/ *Sa'id Vakili*
_____
Sa'id Vakili, Esq.
Stephen P. Hoffman, Esq.
*Counsel for Plaintiff Estefane A. Fialloss*

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Plaintiff Estefane A. Fialloss, certifies that this brief contains 5,793 words, which complies with the 7,000-word limit of L.R. 11-6.1.

DATED: August 22, 2025                    **VAKILI & LEUS, LLP**


By:    /s/ *Sa'id Vakili*
        Sa'id Vakili, Esq.
        Stephen P. Hoffman, Esq.
        *Counsel for Plaintiff Estefane A. Fialloss*

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

# CERTIFICATE OF SERVICE

*Estefane A. Fialloss v. Andrea Ruth Lucas*
*USDC C.D. Cal. Case No.: 2:25-cv-01321-JLS-JPRx*

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Vakili & Leus, LLP, 3701 Wilshire Boulevard, Los Angeles, Suite 1135, Los Angeles, California 90010.

On August 22, 2025, I served the foregoing document described as **PLAINTIFF ESTEFANE A. FIALLOSS'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT ANDREA RUTH LUCAS'S MOTION TO DISMISS COMPLAINT** on all interested parties in this action at the addresses listed below, as follows:

Julian J. Xu, Esq.
Assistant United States Attorney
*Julian.Xu@usdoj.gov*
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012

**213/894-3104**

*Counsel for Defendant Andrea Ruth Lucas*

I hereby certify that on the 22th day of August 2025, I will cause to be served the above-referenced document via the United States District Court's Electronic Filing Program on the designated recipient via electronic transmission through the CM/ECF system on the Court's website.  The Court's CM/ECF system will generate a Notice of Electronic Filing ("NEF") to the filing party, the assigned judge, and any registered users in this action.  The NEF will constitute service of the document.  Registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.

/s/ *Jason C. Ming*
Jason C. Ming