1  BILAL A. ESSAYLI
Acting United States Attorney
2  DAVID M. HARRIS
Assistant United States Attorney
3  Chief, Civil Division
DANIEL A. BECK
4  Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
5  JULIAN J. XU (Cal. Bar No. 341375)
Assistant United States Attorney
6        Federal Building, Suite 7516
        300 North Los Angeles Street
7        Los Angeles, California 90012
        Telephone: (213) 894-3104
8        Email: Julian.Xu@usdoj.gov
9

10 Attorneys for Defendant Andrea Ruth Lucas

11                UNITED STATES DISTRICT COURT

12          FOR THE CENTRAL DISTRICT OF CALIFORNIA

13                    WESTERN DIVISION

14

| | |
|---|---|
| 15  ESTEFANE A. FIALLOSS,<br><br>16  *Plaintiff*,<br><br>17  v.<br><br>18  ANDREA RUTH LUCAS,<br><br>19  *Defendant*.<br><br>20<br><br>21 | No. 2:25-cv-01321-JLS-JPR<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Hearing Date: September 12, 2025<br>Hearing Time: 10:30 a.m.<br>Location: Courtroom 8A<br><br>Honorable Josephine L. Staton<br>United States District Judge |

22

23

24

25

26

27

28

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.     INTRODUCTION**

3        Plaintiff was never eligible to appeal her removal to the Merit Systems Protection

4   Board ("MSPB"). In her opposition, Plaintiff argues that complainants with mixed cases

5   may administratively exhaust by completing either the EEO process or the MSPB

6   process, but not both. Dkt. 15 ("Opp'n.") at 12.[1] Here, however, Plaintiff never had a

7   mixed case because she never had an adverse employment action appealable to the

8   MSPB. When she attempted to appeal her removal to the MSPB, it was correctly

9   dismissed for lack of jurisdiction. Dkt. 1 ("Compl.") ¶¶ 24-26. Even were this case

10  properly brought through Plaintiff's MSPB appeal, it should have been brought as a

11  petition for review of the MSPB's decision. 5 U.S. Code § 7703(a)(1).

12       Plaintiff's other arguments are similarly unavailing. Plaintiff's failure to

13  administratively exhaust is clear from the face of her Complaint. The Equal Employment

14  Opportunity Commission ("EEOC") was not given an opportunity to investigate, issue a

15  report on investigation, or otherwise attempt to resolve Plaintiff's claims. Allowing cases

16  like Plaintiff's to proceed without exhaustion of administrative remedies would

17  undermine the exhaustion requirement, removing the ability of federal agencies to

18  investigate, narrow issues and resolve these matters internally – "unnecessarily

19  burdening the courts." *Pappas v. Dist. of Columbia*, 513 F. Supp. 3d 64, 78 (D.D.C.

20  2021).

21       Because Plaintiff failed to exhaust administrative remedies, Defendant

22  respectfully requests that the Court grant its motion to dismiss without leave to amend.

23

**II.     ARGUMENT**

24       **A.     Plaintiff's Failure to Exhaust is Clear from the Face of Her Complaint**

25       The fact that Plaintiff failed to exhaust administrative remedies may be raised on a

26  motion to dismiss. In addressing *Fort Bend Cnty. v. Davis,* 587 U.S. 541 (2019), courts

27

28       [1] For ease of reference, Defendant refers to the ECF generated page numbers in
    blue at the top of each page of Plaintiff's Opposition.

1

1  within this Circuit have found that although administrative exhaustion "is no longer

2  jurisdictional," "substantial compliance with the administrative process remains

3  mandatory to bring a claim." *Pena v. U.S. Postal Serv.*, 2020 WL 1288463, at \*5 (N.D.

4  Cal. Mar. 18, 2020). The Court may consider this argument under Fed. R. Civ. P.

5  12(b)(6) without converting Defendant's motion into one for summary judgment because

6  Plaintiff admits that a Rule 12(b) motion is appropriate if the "failure to exhaust is clear

7  on the face of the complaint." *See* Opp'n at 9 (internal quotation marks and citation

8  omitted).

9        Here, that failure is clear. Specifically, Plaintiff alleged that "[o]n August 28,

10  2024, [she] contacted the EEOC's Office of Civil Rights Diversity and Inclusion

11  (OCRDI) and submitted a charge claiming that she had been subjected to discrimination

12  on the basis of race, national origin, sex, disability, and skin color." Compl. ¶ 18. She

13  referenced the September 27, 2024, Notice of Right to File a Formal Complaint of

14  Discrimination ("NORTF Letter") in the Complaint (*Id.* ¶ 19) and she attached it to the

15  Complaint. Dkt. 1-1 at 2-4. Plaintiff also alleged that she filed an MSPB appeal on

16  September 24, 2024 (Compl. ¶ 22) and attached it to the Complaint. Dkt. 1-1 at 6-9. The

17  Supreme Court has held that "courts must consider the complaint in its entirety, as well

18  as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to

19  dismiss, in particular, documents incorporated into the complaint by reference." *Tellabs,*

20  *Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Court therefore need

21  not convert Defendant's motion into one for summary judgment in deciding the motion

22  to dismiss and Plaintiff's arguments that the motion is procedurally improper should be

23  rejected. *See* Opp'n at 9-10.

24        **B.    Plaintiff Does Not Have a "Mixed Case" and Must Have Exhausted**

25        **Through the EEO**

26        Plaintiff argues that her "Complaint clearly and explicitly details several facts—

27  supported by evidence—that show she sufficiently exhausted her administrative

28  remedies, including that she timely filed her MSPB Appeal, the appeal was dismissed by

2

1   way of a final decision, and she filed this Action within the required timeframe." Opp'n

2   at 10 (citing Compl. ¶¶ 18-28). Plaintiff further argues that "exhaustion only requires

3   that a claimant complete either the EEO process or the MSPB process, not both." *Id*. at

4   12 (capitalization normalized, emphasis omitted). Plaintiff's argument misses the point.

5   Here, Plaintiff could not have elected to proceed before the MSPB because it was a

6   forum that was unavailable to her as a probationary employee.

7       Plaintiff argues that "the employee exhausts administrative remedies for purposes

8   of Title VII by either: (1) filing a complaint with the agency EEO, with an optional

9   appeal to the MSPB, or (2) appealing the employment action directly to the MSPB."

10  Opp'n at 12 (emphasis omitted, citing *Munene v. Mayorkas*, 2023 WL 6127739 (D. Ariz.

11  Sep. 19, 2023) and *Crowe v. Wormuth*, 74 F.4th 1011, 1024-25 (9th Cir. 2023)). This

12  choice, however, can only be available if both administrative processes were available.

13  For example, the *Munene* plaintiff was a full-time employee seeking retirement from his

14  federal employer. *Munene*, 2023 WL 6127739 at *1-2. As a tenured employee, he had

15  the right to file his mixed case directly to the MSPB. Similarly, the *Crowe* plaintiff was

16  not probationary. *See Crowe*, 74 F.4th at 1021 (the MSPB accepted jurisdiction and held

17  a three-day hearing on the plaintiff's termination).

18      In contrast, here, Plaintiff was a probationary employee who was terminated

19  during her one-year probationary period. Compl. ¶ 73. "It is well established that the

20  appeal rights of a probationary employee are extremely limited." *Mastriano v. F.A.A.*,

21  714 F.2d 1152, 1155 (Fed. Cir. 1983). The MSPB has authority to hear appeals "of

22  "terminations of employment after completion of probationary or other initial service

23  period." 5 U.S.C. §§ 7501, 7511(a)(1). Plaintiff does not dispute that she did not have

24  the right to appeal to the MSPB.[2]

25  _____

26      [2] Probationary employees may appeal their terminations to the MSPB in specific
    circumstances, such as when a termination is allegedly based on partisan political

27  reasons, marital status, or whether an agency failed to take required procedures. *Gober v.
    Collins*, 2025 WL 1360434 at *5 (D.D.C. May 8, 2025). These circumstances did not

28  apply to Plaintiff because she alleged that her dismissal was due to discrimination based
    on her race and disability. *See* Compl. ¶¶ 18, 23.

1      Plaintiff's only recourse for an administrative remedy was through the EEO, not

2   the MSPB.[3] Under the Civil Service Reform Act of 1978 ("CSRA"), federal employees

3   may appeal certain types of employment decisions to the MSPB. *Crowe*, 74 F.4th at

4   1022. A federal employee has a "mixed case" when she "suffers a qualifying adverse

5   employment action that is appealable to the MSPB *and* attributes the agency's decision,

6   in whole or part, to unlawful discrimination." *Id.* at 1023 (emphasis in original).

7   However, "[i]n the absence of an accompanying CSRA claim, a federal employee who

8   wishes to pursue a claim of wrongful discrimination under the civil rights laws must

9   follow the usual exhaustion rules that apply to such claims." *Id.* "That requires filing a

10  complaint with the EEO office of the employee's agency." *Id.*

11      Here, Plaintiff does not dispute that she did not have the right to appeal to the

12  MSPB. To the contrary, Plaintiff admitted that "[i]n an early order, the administrative

13  law judge overseeing the MSPB Appeal advised the parties that the MSPB has very

14  limited jurisdiction over probationary employees such as Plaintiff." Compl. ¶ 24.

15  Plaintiff alleges that "[a]fter briefing by the EEOC and Plaintiff (who was represented by

16  legal counsel at this point), the MSPB issued an initial decision dismissing Plaintiff's

17  appeal for lack of jurisdiction on December 12, 2024," which "became final on January

18  16, 2025 by operation of law. *Id.* ¶¶ 25-26. The MSPB, therefore, did not "provide a

19  final decision on both parts of the employee's mixed case." *See* Opp'n at 13 (citing

20  *Crowe*, 74 F.4th at 1024). Plaintiff did not exhaust before the MSPB, because she never

21  had the right to appeal to the MSPB in the first place. Because Plaintiff did not have "an

22  accompanying CSRA claim," she was obliged to exhaust with the EEO. *Crowe*, 74 F.4th

23  at 1023.

24

25

26      [3] Even if Plaintiff had the right to appeal to the MSPB, Plaintiff's Complaint
    would be defective. Plaintiff relies on 5 U.S.C. § 7703 (Judicial Review of Decisions of
    the MSPB), to assert that she timely filed this lawsuit. Compl. ¶ 27. However, § 7703
27  allows for petitions for judicial review, naming the MSPB as respondent if the petitioner
    seeks review of a final order that is not on the merits. 5 U.S.C. § 7703(a)(1), (2). Here,
28  Plaintiff does not seek review of the MSPB's dismissal for lack of jurisdiction and does
    not name the MSPB as a respondent.

4

1    Finding that Plaintiff exhausted her administrative remedies by having her MSPB

2    appeal dismissed for lack of jurisdiction would undermine the purpose of the exhaustion

3    requirement, which is to provide the agency an opportunity to investigate the employee's

4    allegations. *See Pappas*, 513 F. Supp. 3d at 78 ("The purpose of the administrative

5    exhaustion doctrine is to afford the agency an opportunity to resolve the matter internally

6    and to avoid unnecessarily burdening the courts."). Here, on the alleged facts, Plaintiff

7    did not exhaust her administrative remedies. She admits that she did exhaust with the

8    EEOC and her failed appeal with the MSPB for lack of jurisdiction cannot constitute

9    exhaustion.

10          **C.        Plaintiff's Complaint is Not Subject to Tolling**

11    Plaintiff alleges that her complaint should be equitably tolled because she was

12    reasonably ignorant of her rights and that "Defendant both misrepresented those rights to

13    her and failed to notify her of those rights as required by law." Opp'n. at 14

14    (capitalization normalized, emphasis omitted). Specifically, she argues that she received

15    a letter titled "Notice of Removal During Probationary Period" which led her to believe

16    she could appeal to the MSPB, and that filing an EEO complaint was "optional." *See id.*

17    at 15. Plaintiff misconstrues the letter. The November 6, 2024, Notice of Dismissal letter

18    explained that Plaintiff's OCRDI informal complaint was dismissed because she failed to

19    comply with the 15-day formal complaint filing deadline. *See* Dkt. 15-1 at 6. The notice

20    also referenced Plaintiff's MSPB claim and noted that Plaintiff's "EEO complaint may

21    be dismissed under 29 C.F.R. § 1614.107(a)(4) for electing to pursue the non-EEO

22    process." *Id.*

23    Plaintiff attempts to construe this letter as a "Final Agency Decision" by citing to

24    the attached "Notice of Appeal Rights." Opp'n at 17. However, Plaintiff abandoned her

25    EEOC claim and proceeded before the MSPB. Compl. ¶ 22. The Notice of Appeal

26    Rights does not convert the Notice of Dismissal into a "Final Agency Decision" because

27    Plaintiff never exhausted with the EEOC. Moreover, the Code of Federal Regulations

28    provide that a "final decision shall consist of findings by the agency on the merits of

each issue in the complaint, or, as appropriate, the rationale for dismissing any claims in the complaint . . . ." 29 C.F.R. § 1614.110(b). Here, there was never an investigation, nor report on investigation, nor any findings whatsoever on the merits of Plaintiff's claims, because Plaintiff never put them at issue with a formal complaint.

Moreover, even if the Notice of Appeal Rights were construed as a Final Agency Decision, Plaintiff's Complaint would be untimely. Plaintiff did not appeal to the Office of Federal Operations ("OFO") and she did not file a Complaint within 90 days of the November 6, 2024, letter, which lapsed on February 4, 2025. *See* Dkt. 15-1 at 8. Plaintiff did not file the instant Complaint until February 14, 2025. Dkt. 1. Plaintiff's attempt to convert the Notice of Appeal Rights to a Final Agency Decision also fails on this independent ground.

Plaintiff also argues that the EEOC should have notified her that she had 45 days to contact an EEO counselor and file a formal complaint. *See* Opp'n at 18 (capitalization normalized, emphasis omitted). Plaintiff, however, admits that the termination letter informed her that should she "believe your removal is based on a prohibited reason under the anti-discrimination statutes, you also have the right to file a complaint with the EEOC" but she "must first contact" the OCRDI. Opp'n at 15 (emphasis omitted). Plaintiff, therefore, was given notice that she could pursue an EEO complaint. Plaintiff's contention to the contrary rings hollow since she had already initiated an informal EEO complaint on August 28, 2024, several weeks before receiving the September 23, 2024, termination notice. Compl. ¶ 18. Plaintiff, moreover, "was hired by the EEOC as an Equal Opportunity Investigator (Bilingual-Spanish) in the Los Angeles District office's Enforcement Unit, where her job was to investigate complaints filed with the EEOC regarding, among other things, harassment, discrimination, and retaliation by employers." *Id.* ¶ 2. Plaintiff does not allege, nor can she, that she ever filed a formal complaint with the OCRDI. In such circumstances, equitable tolling does not apply. *See Pena*, 2020 WL 1288463, at *7 ("Here, Pena was not only familiar with the EEO process because of his prior EEO mediation, *see* FAC ¶ 34, he was also well aware of his

1    claims."). The same is true for Plaintiff.

2        Plaintiff then argues that her informal complaint should not have been dismissed

3 on October 14, 2024, because her MSPB appeal should have tolled the limitations

4 period. *See* Opp'n at 16. However, the cases cited by Plaintiff reference the 45-day

5 period prior to filing an informal complaint – not the 15-day period between an informal

6 and formal complaint. *See Sherman v. Mnuchin*, No. 8:16-cv-1979 PA-KES, 2017 WL

7 1927876 at *7 (C.D. Cal. May 9, 2017) ("[W]hile a claim is pending before the MSPB or

8 the Federal Circuit, the 45-day period [to file an informal complaint with an EEO

9 counselor] is tolled."). Further, Plaintiff's tolling argument is moot because even after

10 her MSPB appeal was dismissed for lack of jurisdiction on January 16, 2025 (Compl.

11 ¶ 26) Plaintiff never filed a formal EEO complaint. As Plaintiff avers, she was

12 represented by counsel during the MSPB proceeding. *Id.* ¶ 25. Plaintiff's equitable

13 tolling and/or estoppel arguments therefore cannot save her Complaint.

14        Finally, tolling Plaintiff's Complaint would prejudice Defendant. Though Plaintiff

15 argues that Defendant had notice of her claims (Opp'n. at 24), Defendant never had an

16 opportunity to investigate these claims or narrow the issues because she never filed a

17 formal EEO complaint. Plaintiff's failure to exhaust is *de facto* prejudice.

18        **D.    Leave to Amend Would Be Futile**

19        Although Plaintiff seeks leave to amend, Plaintiff cannot cure her failure to

20 exhaust her administrative remedies. As such, any amendment would be futile, and

21 Plaintiff's complaint should be dismissed without leave to amend. *See*

22 *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) ("A

23 district court need not grant leave to amend where the amendment . . . is futile."). The

24 facts of Plaintiff's administrative actions cannot be changed.

25 **III.   CONCLUSION**

26        For the foregoing reasons, Defendant respectfully requests that the Court grant this

27 motion to dismiss without leave to amend.

28

Dated: August 29, 2025

BILAL A. ESSAYLI
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

  */s/ Julian J. Xu*
JULIAN J. XU
Assistant United States Attorney

Attorneys for Defendant
Andrea Ruth Lucas

## CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.2

Counsel of record for the Defendant certifies that the memorandum of points and authorities contains 2,477 words, which complies with the word limit of L.R. 11-6.1.