UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-01321-JLS-JPR                    Date: September 09, 2025
Title: Estefane A. Fialloss v. Andrea Ruth Lucas et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                            Not Present

**PROCEEDINGS:    (IN CHAMBERS)  ORDER DENYING DEFENDANT'S MOTION TO DISMISS (Doc. 14)**

Before the Court is a Motion to Dismiss filed by Defendant Andrea Ruth Lucas, Acting Chair of the United States Equal Employment Opportunity Commission. (Mot., Doc. 14.)  Plaintiff Estefane A. Fialloss opposed, and Defendant replied.  (Opp., Doc. 15; Reply, Doc. 16.)  The Court finds this matter appropriate for decision without oral argument, and the hearing set for September 12, 2025, at 10:30 a.m. is VACATED.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  For the following reasons, the Court DENIES Defendant's Motion.

**I.    BACKGROUND**

On September 25, 2023, Plaintiff was hired as an Equal Opportunity Investigator at the Equal Employment Opportunity Commission ("EEOC"), subject to a one-year probationary period.  (Compl. ¶¶ 31–32, Doc. 1.)  During her employment, Plaintiff was allegedly subject to racist and offensive comments, and retaliation as a result of reporting those comments.  (*See generally id.*)  On August 28, 2024, Plaintiff contacted the EEOC's Office for Civil Rights Diversity and Inclusion ("OCRDI"), submitting a form complaining of discrimination on the basis of race, national origin, sex, disability, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-01321-JLS-JPR                                            Date: September 09, 2025
Title:  Estefane A. Fialloss v. Andrea Ruth Lucas et al

skin color.  (*Id.* ¶¶ 18, 57; Ex. A to Vakili Decl. at 4, Doc. 15-1.)  Plaintiff was terminated on September 23, 2024, two days before her probationary period would have expired.  (Compl. ¶ 73.)  Her director issued her a Notice of Removal During Probationary Period, which stated in part, "You may be able to appeal your termination to the Merit System Protection Board (MSPB) within thirty (30) calendar days from the date of your removal[.]"  (*Id.*; Opp. at 15.)  The next day, Plaintiff appealed to the MSPB, complaining of wrongful termination, harassment, unequal terms and conditions of employment, intimidation, and reasonable accommodation denial.  (Compl. ¶¶ 22–23; Ex. 2 to Compl. at 7, Doc. 1-1.)

On September 27, 2024, the EEOC's OCRDI sent Plaintiff a Notice of Right to File a Formal Complaint of Discrimination letter, indicating that Plaintiff could file a formal complaint with OCRDI within the next fifteen days.  (Compl. ¶ 19; Ex. 1 to Compl. at 2–4.)  Plaintiff never filed a formal complaint with the OCRDI.  (Compl. ¶ 21.)  Thus, on November 6, 2024, OCRDI informed Plaintiff that her informal complaint had been dismissed because she did not submit a formal complaint.  (*Id.*; Ex. B to Vakili Decl. at 6.)  In that same letter, the EEOC acknowledged that Plaintiff was pursuing her claim through the MSPB, and that the EEO complaint could be dismissed due to her election "to pursue the non-EEO process."  (Ex. B to Vakili Decl. at 6.)

The MSPB issued an initial decision on December 12, 2024, dismissing Plaintiff's appeal for lack of jurisdiction; this decision became final by operation of law on January 16, 2025.  (Compl. ¶¶ 25–26.)  On February 14, 2025, Plaintiff filed this action against Defendant, bringing claims under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990.  (*See id.* ¶¶ 100–42.)

Defendant now moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that Plaintiff failed to timely exhaust her administrative remedies prior to filing her Title VII action because she never filed a formal complaint with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-01321-JLS-JPR                                         Date: September 09, 2025
Title:  Estefane A. Fialloss v. Andrea Ruth Lucas et al

OCRDI, and that equitable tolling or estoppel should not apply.  (Mot. at 2, 6–7; Reply at 6–9.)  Plaintiff asserts that she is entitled to file her Title VII claims under 5 U.S.C. § 7703(b)(2), which allows a plaintiff to bring a lawsuit within thirty days of the MSPB's final decision; alternatively, she argues that Title VII's limitations period should be subject to equitable tolling or estoppel.  (Compl. ¶ 27; *see* Opp. at 12–24.)

## II.   LEGAL STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).  The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (cleaned up).

## III.   ANALYSIS

As an initial matter, Defendant's argument that Plaintiff has failed to exhaust her administrative remedies under Title VII is not a jurisdictional one.  "Title VII's charge-filing requirement is a processing rule . . . not a jurisdictional prescription delineating the adjudicatory authority of courts."  *Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 551 (2019); *see also Cathey v. Garcia*, 2023 WL 4290407, at *1 n.3 (C.D. Cal. Apr. 12, 2023) (declining to dismiss the case under Rule 12(b)(1) because the defendants' "argument that [the plaintiff] has not exhausted his administrative remedies falls squarely under Rule 12(b)(6) because Title VII's exhaustion requirements are not jurisdictional").  Accordingly, Defendant's 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-01321-JLS-JPR                                                                  Date: September 09, 2025
Title:  Estefane A. Fialloss v. Andrea Ruth Lucas et al

As to Defendant's motion to dismiss under Rule 12(b)(6), Defendant's argument that Plaintiff has failed to exhaust administrative remedies "should generally be raised on summary judgment." *McIntyre v. Eugene Sch. Dist. 4J*, 976 F.3d 902, 909 n.6 (9th Cir. 2020).  "[W]hether a plaintiff in a Title VII action has timely exhausted her administrative remedies is an affirmative defense, so the defendant bears the burden of pleading and proving it." *Fox v. MHM Health Pros. LLC*, 2024 WL 4364133, at *15 (D. Ariz. Sept. 30, 2024) (citing *Kraus v. Presidio Tr. Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1046 n.7 (9th Cir. 2009)).  "A defendant may raise the defense under Rule 12(b)(6) '[i]n the rare event that a failure to exhaust is clear on the face of the complaint.'" *McIntyre*, 976 F.3d at 909 n.6 (citing *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014)).  Here, Plaintiff outlines several steps she has taken to exhaust her administrative remedies and presents detailed arguments as to why she is entitled to bring her Title VII claims, including factual and legal arguments regarding equitable estoppel and/or tolling.  (*See* Compl. ¶¶ 18–28; *see generally* Opp.)  As this is not one of "those rare cases where a failure to exhaust is clear from the face of the complaint," a dismissal for failure to exhaust under 12(b)(6) is premature.  *Albino*, 747 F.3d at 1169.  Defendant's 12(b)(6) motion to dismiss for failure to state a claim is therefore DENIED.

**IV.    CONCLUSION**

For the above reasons, Defendant's Motion is DENIED.

Initials of Deputy Clerk: kd