BILAL A. ESSAYLI
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
JULIAN J. XU (Cal. Bar No. 341375)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3104
    E-mail: Julian.Xu@usdoj.gov

Attorneys for Defendant Andrea Ruth Lucas,
Acting Chair of the U.S. Equal Employment Opportunity Commission

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ESTEFANE A. FIALLOSS,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREA RUTH LUCAS et al.,<br><br>    Defendants. | No. 2:25-cv-01321-JLS-JPR<br><br>**ANSWER TO COMPLAINT BY DEFENDANT ANDREA RUTH LUCAS**<br><br>Honorable Judge Josephine L. Staton<br>United States District Judge |

1

1  Defendant Andrea Ruth Lucas, in her official capacity as Acting Chair of the U.S.
2  Equal Employment Opportunity Commission ("Defendant" or "EEOC"), by and through
3  her undersigned counsel, hereby admits, denies and otherwise responds to the Complaint
4  ("Compl.") (Dkt. 1) brought by plaintiff Estefane A. Fialloss ("Plaintiff") as follows:

## GENERAL ALLEGATIONS[1]

Defendant lacks sufficient knowledge and information to determine the truth of the allegation in the section titled "General Allegations" and on that basis, denies.

## INTRODUCTION AND SUMMARY

1. The allegations in paragraph 1 constitute a legal conclusion for which no response is required. To the extent a response is necessary, Defendant denies the allegations in paragraph 1.

2. Defendant admits the allegations in paragraph 2.

3. Defendant denies the allegations in paragraph 3.

4. Defendant denies the allegations in paragraph 4.

5. Defendant denies the allegations in paragraph 5.

6. Defendant admits that Plaintiff's request to telework or remote work full time were denied. Defendant lacks sufficient knowledge and information to determine the truth of Plaintiff's allegations of "multiple chronic disabilities as well as a recurrence of cancer," and on that basis, denies. Defendant denies the remaining allegations in paragraph 6.

7. Defendant denies the allegations in paragraph 7.

## PARTIES

8. Defendant admits that Plaintiff is a natural person who resides in the State of California. Defendant lacks sufficient knowledge and information to determine the truth of the remaining allegations in paragraph 8, and on that basis, denies.

---

[1] For ease of reference, Defendant refers to Plaintiff's headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

9. Defendant admits the allegations in paragraph 9.

10. Defendant lacks sufficient information to admit or deny the involvement of the alleged "Does," and on that basis, denies. Defendant denies the remaining allegations in paragraph 10.

11. Defendant denies the allegations in paragraph 11.

## SUBJECT MATTER JURISDICTION

12. The allegations in paragraph 12 constitute a legal conclusion for which no response is required. To the extent a response is necessary, the cited statutes speak for themselves. Defendant denies the allegations in paragraph 12.

13. The allegations in paragraph 13 constitute a legal conclusion for which no response is required. To the extent a response is necessary, the cited statute speaks for itself. Defendant denies the allegations in paragraph 13.

## PERSONAL JURISDICTION AND VENUE

14. The allegations in paragraph 14 constitute a legal conclusion for which no response is required. To the extent a response is necessary, the cited statutes speak for themselves. Defendant denies the allegations in paragraph 14.

15. The allegations in paragraph 15 constitute a legal conclusion for which no response is required. To the extent a response is necessary, the cited rules speak for themselves. Defendant admits that the EEOC conducts business within the State of California. Defendant denies the remaining allegations in paragraph 15.

16. Defendant admits that venue is proper, and that no real property is involved in this action. Defendant lacks sufficient knowledge and information to determine the truth of Plaintiff's residence, and on that basis, denies. Defendant denies the remaining allegations in paragraph 16.

17. Defendant admits that venue is proper. Defendant admits that employment records relevant to Plaintiff's claims are within this district. Defendant denies the remaining allegations in paragraph 17.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

18. Defendant admits the allegations in paragraph 18.

19. Defendant admits the allegations in paragraph 19.

20. Defendant admits that the Notice of Right to File ("NORTF") recited Plaintiff's alleged claims and the cited letter speaks for itself. Defendant denies the remaining allegations in paragraph 20.

21. Defendant admits that a letter was issued to Plaintiff on November 6, 2024 informing her that she failed to file a formal complaint and that her informal complaint had been dismissed. Defendant denies the remaining allegations in paragraph 21.

22. Defendant admits that Plaintiff appealed her termination to the MSPB on September 24, 2024. Defendant denies the remaining allegations in paragraph 22.

23. Defendant admits the allegations in paragraph 23.

24. Defendant admits the allegations in paragraph 24.

25. Defendant admits the allegations in paragraph 25.

26. Defendant admits the allegations in paragraph 26.

27. Defendant denies the allegations in paragraph 27.

28. Defendant denies the allegations in paragraph 28.

**FACTUAL ALLEGATIONS**

29. Defendant admits the allegations in paragraph 20.

30. Defendant admits that the EEOC's website states language inviting employees to make discrimination complaints if they feel they have been discriminated against. Defendant denies the remaining allegations in paragraph 30.

31. Defendant admits the allegations in paragraph 31.

32. Defendant admits the allegations in paragraph 32.

33. Defendant admits the allegations in paragraph 33.

34. Defendant denies the allegations in paragraph 34.

35. Defendant lacks sufficient knowledge and information to determine the truth of the allegations in paragraph 35, and on that basis, denies.

36. Defendant lacks sufficient knowledge and information to determine the truth of the allegations in paragraph 36, and on that basis, denies.

37. Defendant lacks sufficient knowledge and information to determine the truth of the allegations in paragraph 37, and on that basis, denies.

38. Defendant admits that Plaintiff reported inappropriate behavior to Deputy District Director Kane. Defendant denies the remaining allegations in paragraph 38.

39. Defendant admits that Deputy District Director Kane responded that she would investigate the allegations. Defendant denies the remaining allegations set forth in paragraph 39 .

40. Defendant denies the allegations in paragraph 40.

41. Defendant denies the allegations in paragraph 41.

42. Defendant admits that Plaintiff requested to be transferred, and that she received an informal transfer to report to another supervisor upon request. Defendant denies the remaining allegations in paragraph 42.

43. Defendant denies the allegations in paragraph 43.

44. Defendant denies the allegations in paragraph 44.

45. Defendant denies the allegations in paragraph 45.

46. Defendant denies the allegations in paragraph 46.

47. Defendant denies the allegations in paragraph 47.

48. Defendant admits that Deputy District Director Kane met with Plaintiff. Defendant denies the remaining allegations in paragraph 48.

49. Defendant denies the allegations in paragraph 49.

50. Defendant denies the allegations in paragraph 50.

51. Defendant denies the allegations in paragraph 51.

52. Defendant denies the allegations in paragraph 52.

53. Defendant denies the allegations in paragraph 53.

54. Defendant admits that Plaintiff emailed her allegations to Mr. Brennan. Defendant denies the remaining allegations in paragraph 54.

55. Defendant admits that Plaintiff emailed her allegations to Mr. Brennan. Defendant denies the remaining allegations in paragraph 55.

56. Defendant admits that Plaintiff emailed her allegations to Mr. Brennan. Defendant denies the remaining allegations in paragraph 56.

57. Defendant denies the allegations in paragraph 57.

58. Defendant admits that Ms. Park-Gonzalez allowed Plaintiff to be informally reassigned temporarily. Defendant denies the remaining allegations in paragraph 58.

59. Defendant admits that Ms. Park-Gonzalez invited Plaintiff to attend a luncheon. Defendant denies the remaining allegations in paragraph 59.

60. Defendant denies the allegations in paragraph 60.

61. Defendant denies the allegations in paragraph 61.

62. Defendant denies the allegations in paragraph 62.

63. Defendant admits that Plaintiff was required to submit her telework plans. Defendant denies the remaining allegations in paragraph 63.

64. Defendant denies the allegations in paragraph 64.

65. Defendant denies the allegations in paragraph 65.

66. Defendant admits that Plaintiff contacted EEOC management. Plaintiff quotes a document which speaks for itself. Defendant denies Plaintiff's allegations within the email.

67. Plaintiff quotes a document which speaks for itself. Defendant denies Plaintiff's allegations within the email.

68. Defendant admits that Plaintiff contacted EEOC management. Plaintiff quotes a document which speaks for itself. Defendant denies the remaining allegations in paragraph 68.

69. Defendant admits only that Union President Melva sent an email regarding Plaintiff's allegations. Plaintiff quotes a document which speaks for itself. Defendant denies the allegations in Melva's email.

70. Defendant lacks sufficient knowledge and information to determine the

1 | truth of the allegations in paragraph 70, and on that basis, denies.

2 |   71. Defendant admits Plaintiff's probationary period was set to expire on September 25, 2024. Defendant lacks sufficient knowledge and information to determine the truth of the remaining allegations in paragraph 71, and on that basis, denies.

  72. Defendant denies the allegations in paragraph 72.

  73. Defendant admits that Plaintiff was terminated on September 23, 2024. Plaintiff references documents that speak for themselves. Defendant denies the remaining allegations in paragraph 73.

  74. Defendant admits that Plaintiff was removed due to her behavior and untruthful statements. Plaintiff quotes a document which speaks for itself. Defendant denies the remaining allegations in paragraph 74.

  75. Defendant lacks sufficient knowledge and information to determine the truth of the allegations in paragraph 75, and on that basis, denies.

  76. Defendant admits that Plaintiff was removed for the reasons alleged in the Notice of Removal. Defendant denies the remaining allegations in paragraph 76.

  77. Defendant denies the allegations in paragraph 77.

  78. Defendant denies the allegations in paragraph 78.

  79. Defendant denies the allegations in paragraph 79.

    a. Defendant denies the allegations in paragraph 79a.

    b. Defendant denies the allegations in paragraph 79b.

    c. Defendant denies the allegations in paragraph 79c.

    d. Defendant lacks sufficient knowledge and information to determine the truth of the allegations in paragraph 79d, and on that basis, denies.

    e. Defendant denies the allegations in paragraph 79e.

    f. Defendant denies the allegations in paragraph 79f.

  80. Defendant lacks sufficient knowledge and information to determine the truth of the allegations in paragraph 80, and on that basis, denies.

  81. Defendant lacks sufficient knowledge and information to determine the

1  truth of the allegations in paragraph 81, and on that basis, denies.

2        82.    Defendant lacks sufficient knowledge and information to determine the
3  truth of the allegations in paragraph 82, and on that basis, denies.

4        83.    Defendant denies the allegations in paragraph 83.

5        84.    Defendant denies the allegations in paragraph 84.

6  **FURTHER ALLEGATIONS RELATED TO PLAINTIFF'S TITLE VII CLAIMS**

7        85.    Defendant admits that Plaintiff belongs to multiple protected classes.
8  Defendant lacks sufficient knowledge and information to determine the truth of the
9  remaining allegations in paragraph 85, and on that basis, denies.

10       86.    Defendant admits the allegations in paragraph 86.

11       87.    Defendant denies the allegations in paragraph 87.

12  **FURTHER ALLEGATIONS RELATED TO PLAINTIFF'S ADA CLAIMS**

13       88.    Defendant lacks sufficient knowledge and information to determine the
14  truth of the allegations in paragraph 88, and on that basis, denies.

15       89.    Defendant lacks sufficient knowledge and information to determine the
16  truth of the allegations in paragraph 89, and on that basis, denies.

17       90.    Defendant lacks sufficient knowledge and information to determine the
18  truth of the allegations in paragraph 90, and on that basis, denies.

19       91.    Defendant lacks sufficient knowledge and information to determine the
20  truth of the allegations in paragraph 91, and on that basis, denies.

21       92.    Defendant lacks sufficient knowledge and information to determine the
22  truth of the allegations in paragraph 92, and on that basis, denies.

23       93.    The allegations in paragraph 93 constitute a legal conclusion for which no
24  response is required. To the extent a response is necessary, Defendant denies the
25  allegations in paragraph 93.

26       94.    Defendant lacks sufficient knowledge and information to determine the
27  truth of the allegations in paragraph 94, and on that basis, denies.

28       95.    Defendant lacks sufficient knowledge and information to determine the

truth of the allegations in paragraph 95, and on that basis, denies.

96. Defendant lacks sufficient knowledge and information to determine the truth of the allegations in paragraph 96, and on that basis, denies.

97. Defendant lacks sufficient knowledge and information to determine the truth of the allegations in paragraph 97, and on that basis, denies.

98. Defendant lacks sufficient knowledge and information to determine the truth of the allegations in paragraph 98, and on that basis, denies.

99. Defendant denies the allegations in paragraph 99.

## FIRST CAUSE OF ACTION

100. Defendant restates its admissions and denials set out in the foregoing paragraphs of this Answer, as though fully set forth herein.

101. The allegations in paragraph 101 constitute a legal conclusion for which no response is required. To the extent a response is necessary, Defendant admits the allegations in paragraph 101.

102. Defendant admits that Plaintiff is a member of multiple protected classes under Title VII. Defendant lacks sufficient knowledge and information to determine the truth of the remaining allegations in paragraph 102, and on that basis, denies.

103. Defendant admits the allegations in paragraph 103.

104. Defendant denies the allegations in paragraph 104.

105. Defendant denies the allegations in paragraph 105.

106. Defendant denies the allegations in paragraph 106.

107. Defendant denies the allegations in paragraph 107.

108. Defendant denies the allegations in paragraph 108.

109. Defendant denies the allegations in paragraph 109.

## SECOND CAUSE OF ACTION

110. Defendant restates its admissions and denials set out in the foregoing paragraphs of this Answer, as though fully set forth herein.

111. The allegations in paragraph 103 constitute a legal conclusion for which no

1 | response is required. To the extent a response is necessary, Defendant denies the
2 | allegations in paragraph 103.
3 |     112.   Defendant admits that Plaintiff is a member of multiple protected classes
4 | under Title VII. Defendant lacks sufficient knowledge and information to determine the
5 | truth of the remaining allegations in paragraph 112, and on that basis, denies.
6 |     113.   Defendant admits the allegations in paragraph 113.
7 |     114.   Defendant denies the allegations in paragraph 114.
8 |     115.   Defendant denies the allegations in paragraph 115.
9 |     116.   Defendant denies the allegations in paragraph 116.
10 |     117.   Defendant denies the allegations in paragraph 117.
11 |     118.   Defendant denies the allegations in paragraph 118.
12 |     119.   Defendant denies the allegations in paragraph 119.

## THIRD CAUSE OF ACTION

14 |     120.   Defendant restates its admissions and denials set out in the foregoing
15 | paragraphs of this Answer, as though fully set forth herein.
16 |     121.   The allegations in paragraph 121 constitute a legal conclusion for which no
17 | response is required. To the extent a response is necessary, Defendant denies the
18 | allegations in paragraph 121.
19 |     122.   The allegations in paragraph 122 constitute a legal conclusion for which no
20 | response is required. To the extent a response is necessary, Defendant denies the
21 | allegations in paragraph 122.
22 |     123.   Defendant admits the allegations in paragraph 123.
23 |     124.   Defendant lacks sufficient knowledge and information to determine the
24 | truth of the allegations in paragraph 124, and on that basis, denies.
25 |     125.   Defendant denies the allegations in paragraph 125.
26 |     126.   Defendant denies the allegations in paragraph 126.
27 |     127.   Defendant denies the allegations in paragraph 127.
28 |     128.   Defendant denies the allegations in paragraph 128.

129. Defendant denies the allegations in paragraph 129.

130. Defendant denies the allegations in paragraph 130.

131. Defendant denies the allegations in paragraph 131.

## FOURTH CAUSE OF ACTION

132. Defendant restates its admissions and denials set out in the foregoing paragraphs of this Answer, as though fully set forth herein.

133. The allegations in paragraph 133 constitute a legal conclusion for which no response is required. To the extent a response is necessary, Defendant denies the allegations in paragraph 133.

134. Defendant admits the allegations in paragraph 134.

135. Defendant lacks sufficient knowledge and information to determine the truth of the allegations in paragraph 135, and on that basis, denies.

136. Defendant denies the allegations in paragraph 136.

137. Defendant denies the allegations in paragraph 137.

138. Defendant denies the allegations in paragraph 138.

139. Defendant denies the allegations in paragraph 139.

140. Defendant denies the allegations in paragraph 140.

141. Defendant denies the allegations in paragraph 141.

142. Defendant denies the allegations in paragraph 142.

## PRAYER

The section following "Prayer" contains Plaintiff's requested relief. Defendant denies that Plaintiff is entitled to any relief whatsoever. Plaintiff should take nothing.

## DEMAND FOR JURY TRIAL

To the extent a response to the section entitled "Demand for Jury Trial" is required, Defendant has not waived its sovereign immunity to allow trial by jury as to back pay or other equitable remedies provided under 42 U.S.C. §2000e-5(g).

## DEFENDANT'S GENERAL DENIAL

Defendant specifically denies each and every allegation contained in the

Complaint which is not expressly admitted above. Moreover, to the extent Plaintiff refers to documents outside the pleadings for their accurate and complete contents, these references are not intended to be, and should not be construed to be, an admission that the cited document: (a) is correctly cited or quoted by Plaintiff; (b) is relevant to this, or any other, action; or (c) is admissible in this, or any other, action.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff is barred from bringing any claim for which there has been no exhaustion of administrative remedies.

3. Plaintiff is barred from bringing any claim falling outside of the applicable statutes of limitation or repose.

4. Defendant did not discriminate against Plaintiff on any basis.

5. For every personnel action of which Plaintiff complains, although such action is not admitted hereby or herein, EEOC had legitimate, non-discriminatory, non-retaliatory reasons. Such reasons were not and are not pretext.

6. Plaintiff cannot meet the prima facie elements of a hostile work environment claim. She was not subjected to severe or pervasive harassment on account of her sex that altered the conditions of her employment to create an abusive work environment.

7. Plaintiff failed to mitigate her damages, if any.

8. Plaintiff is not entitled to a jury trial regarding equitable claims, including claims for back pay, front pay, or reinstatement (if any).

9. EEOC maintains an effective administrative process for preventing and correcting any improper, retaliatory, discriminatory and harassing conduct and Plaintiff unreasonably failed to avail herself of these opportunities to protect herself from any allegedly improper, discriminatory, retaliatory, or harassing conduct.

10. EEOC took prompt, appropriate action to any allegations of discrimination, retaliation, and/or harassment.

11. Any recovery or other award against the EEOC must be reduced by any collateral source as permitted by law.

12. Defendant is entitled to an offset for all benefits paid to Plaintiff by any agency of the United States or through funds that are provided by the United States.

13. There is no causal connection between any claimed adverse action and Plaintiff's engagement in protected activity. Plaintiff cannot meet the prima facie elements of a retaliation claim.

## **PRAYER**

**WHEREFORE**, Defendant prays for judgment as follows:

1. That the Court dismiss Plaintiff's Complaint in its entirety;

2. That the Court enter judgment in favor of Defendant;

3. That the Court award its costs and disbursements; and

4. Any other relief that the Court deems appropriate.

Dated: September 23, 2025           Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

   */s/ Julian J. Xu*
JULIAN J. XU
Assistant United States Attorney

Attorneys for Defendant
Andrea Ruth Lucas