BILAL A. ESSAYLI
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
JULIAN J. XU (Cal. Bar No. 341375)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3104
    E-mail: Julian.Xu@usdoj.gov

Attorneys for Defendant Andrea Ruth Lucas

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ESTAFANE A. FIALLOSS,<br><br>Plaintiff,<br><br>v.<br><br>ANDREA RUTH LUCAS, et al.,<br><br>Defendants. | No. 2:25-cv-01321-JLS-JPR<br><br>**STIPULATION FOR A STAY OF THE ENTIRE CASE DUE TO THE LAPSE IN APPROPRIATIONS; DECLARATION OF JULIAN J. XU**<br><br>[(Proposed) Order filed concurrently herewith]<br><br>Honorable Josephine L. Staton<br>United States District Judge |

IT IS STIPULATED by and between the parties, through their respective counsel and subject to the Court's approval, that this entire case be stayed due to the lapse in appropriations. Good cause exists for this stipulation:

1. At the end of the day on September 30, 2025, the appropriations act that had been funding the majority of federal agencies expired, including the Department of Justice, of which the United States Attorney's Office is a component, and the United States Equal Employment Opportunity Commission ("EEOC").

2. Due to the lapse in appropriations, many federal employees have been furloughed and are prohibited by law from working.

3. Undersigned counsel was informed that, due to the lapse in appropriations, most EEOC agency counsel and staff in both the Regional Office and Washington D.C. Central Office have been placed on furlough status. Declaration of Julian J. Xu ("Xu Decl.") ¶ 2.

4. Undersigned counsel was informed that his point-of-contact at the EEOC is only permitted to perform "emergency work" involving the safety of human life or protection of property, which does not include work in general civil matters, including processing litigation requests and assisting in civil litigation. *Id.* ¶ 3.

5. Without assistance from the agency, it is impossible to obtain necessary client input to draft the parties' joint 26(f) report, which is due on Friday, October 31, 2025, nor is it possible to obtain civil litigation support and strategy. *Id.* ¶ 4.

6. On October 24, 2025, undersigned counsel met and conferred telephonically with Plaintiff's counsel to determine if Plaintiff would oppose an *ex parte* application to stay the case for these reasons. Xu Decl. ¶ 5. Although Plaintiff's counsel suggested a stipulation to continue deadlines by 30 days, counsel for Defendant declined due to uncertainty about the duration of the lapse in appropriations. *Id.* Given the circumstances, Plaintiff's counsel indicated that he would not oppose the request. *Id.*

7. On October 28, 2025, Defendant moved *ex parte* for a stay of this case. Dkt. 21. The Court denied Defendant's application, stating that parties "are not to file ex parte

applications without meeting and conferring with the other side to (1) determine if a stipulation and proposed order can be filed; and (2) to give the other party notice as required on Judge Staton's procedures page." *Id.*

8. On October 29, 2025, counsel for Defendant called Plaintiff's counsel to discuss the Court's denial of Defendant's *ex parte* application. Xu Decl. ¶ 6. The parties agreed to stipulate to request a stay from this Court. *Id.*

Therefore, although the parties regret any disruption caused to the Court, the parties respectfully request a stay of the entire case due to the lapse in appropriations until Congress has restored appropriations.

Dated: October 29, 2025          Respectfully submitted,

                                 VAKILI & LEUS, LLP

                                  /s/ *Sa'id Vakili*
                                 SA'ID VAKILI

                                 Attorneys for Plaintiff Estefane Fialloss

Dated: October 29, 2025          BILAL A. ESSAYLI
                                 Acting United States Attorney
                                 DAVID M. HARRIS
                                 Assistant United States Attorney
                                 Chief, Civil Division
                                 DANIEL A. BECK
                                 Assistant United States Attorney
                                 Chief, Complex and Defensive Litigation Section

                                  /s/ *Julian J. Xu*
                                 JULIAN J. XU
                                 Assistant United States Attorney

                                 Attorneys for Defendant Andrea Ruth Lucas

## DECLARATION OF JULIAN J. XU

I, JULIAN J. XU, declare:

1. I am an Assistant United States Attorney in the Civil Division of the United States Attorney's Office. I am assigned to defend this action. If called as a witness, I could and would testify competently thereto.

2. I have been informed that, due to the lapse in appropriations, EEOC agency counsel and staff in both the Regional Office and Washington D.C. Central Office have been placed on furlough status.

3. I have been informed that my point-of-contact at the EEOC is only permitted to perform "emergency work" involving the safety of human life or protection of property, which does not include work in general civil matters, including processing litigation requests and assisting in civil litigation.

4. Without assistance from the agency, it is impossible to obtain necessary client input to draft the parties joint 26(f) report, nor is it possible to obtain civil litigation support and strategy.

5. On Friday, October 24, 2025, I called Plaintiff's counsel, Sa'id Vakili, to give notice of Defendant's *ex parte* application to stay the case. I emailed Mr. Vakili to confirm whether he would oppose this application. Mr. Vakili indicated that he would not oppose this application. Mr. Vakili asked me over email whether I would be open to a stipulation to continue deadlines by 30 days. I replied that because we did not know how long the lapse in appropriations would last, we should request a stay for the duration of the lapse in appropriations.

6. On October 29, 2025, after the Court had denied the *ex parte* application, I called Mr. Vakili to discuss the Court's denial. I asked Mr. Vakili if Plaintiff was amenable to a stipulation staying the case for the duration of the lapse in appropriations. Mr. Vakili responded that Plaintiff would be amenable.

///
///

3

1 | I declare under penalty of perjury that the foregoing is true and correct.
2 | Executed on October 29, 2025, at Los Angeles, California.

                    /s/ *JULIAN J. XU*

                    JULIAN J. XU