Sa'id Vakili, Esq. (SBN: 176322)
*vakili@vakili.com*
Robert S. Brown, Esq. (SBN: 187845)
*rstanfordbrown@gmail.com*
Stephen P. Hoffman, Esq. (SBN: 287075)
*hoffman@vakili.com*
**VAKILI & LEUS, LLP**
3701 Wilshire Boulevard, Suite 1135
Los Angeles, California  90010-2822
**213/380-6010 |** Fax: 213/380-6051

*Counsel for Plaintiff Estefane A. Fialloss*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| **ESTEFANE A. FIALLOSS,** | **CASE NO.: 2:25-cv-01321-JLS-JPR** |
| **Plaintiff,** | [*Hon. Josephine L. Staton / Courtroom 8A*] |
| **v.** | **JOINT RULE 26(f) REPORT** |
| **ANDREA RUTH LUCAS, in her official capacity as Acting Chair of the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION; and DOES 1- 10, Inclusive,** | |
| **Defendants.** | |

JOINT RULE 26(f) REPORT

Plaintiff ESTEFANE A. FIALLOSS ("Plaintiff" and/or "Fialloss") and defendant ANDREA RUTH LUCAS, in her official capacity as Acting Chair of the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("Defendant" and/or "EEOC"), collectively, the "Parties," by and through their respective counsel of record, submit the following Joint Rule 26(f) Report.

Pursuant to *Federal Rules of Civil Procedure* Rule 26(f), counsel for the Parties started the meet and confer process on October 24, 2025, regarding the case management and nature of the Parties' claims and defenses, to develop a discovery plan and prepare the joint report to the Court, and to make arrangements for the required Initial Disclosures between the Parties.  Robert S. Brown and Sa'id Vakili participated in conferences on behalf of Plaintiff Fialloss and Julian Xu participated on behalf of Defendant EEOC.

The parties submit their views and proposals concerning the following topics:

A.    **STATEMENT OF THE CASE**

1.    **Plaintiff's Allegations**

EEOC hired Plaintiff on September 25, 2023 as an Equal Opportunity Investigator (Bilingual-Spanish) in the EEOC's Los Angeles District Office ("LADO").

On August 31, 2023, Plaintiff was appointed to the position of Equal Opportunity Investigator (Bilingual-Spanish) in the EEOC's Los Angeles District Office ("LADO") with a scheduled start date of September 25, 2023.  She was hired under a Pathways Recent Graduates Program Excepted Service Appointment and was subject to a one-year probationary period, which would expire on September 25, 2024.

Plaintiff completed her onboarding and began the position on September 25, 2023 as scheduled.

Not long after Plaintiff was appointed, she began to suffer harassment by her direct supervisor, Mark Brennan (herein, "Supervisor Brennan").  On or around March 13, 2024, Plaintiff and another LADO investigator, Joseph Shin ("Investigator Shin"), were

directed to attend an off-site outreach event with Supervisor Brennan. During the course of the outreach event, however, Supervisor Brennan made racist and offensive comments to both of them, including while Supervisor Brennan was driving them in a government vehicle. These comments included: (1) asking Investigator Shin (who is of Asian descent) if he was "going to put K-pop" (a genre of Korean pop music) on when Investigator Shin asked to change the radio station; (2) upon seeing a group of Hispanic individuals standing near a valet stand at a Mexican restaurant, telling Plaintiff "look, there goes your friends, your people"; and (3) after beginning to eat at the Mexican restaurant, asking Plaintiff if the food was "authentic," to which Plaintiff responded that she did not know since she was not Mexican. These comments made Plaintiff feel extremely uncomfortable.

Shortly after the outreach event, Investigator Shin reported to LADO Deputy District Director Patricia Kane ("Deputy Director Kane") that Supervisor Brennan had made racist and offensive comments to both him and Plaintiff during the event, and Investigator Shin copied Plaintiff on that email. Deputy Director Kane replied that she would discuss the concerns "raised by you [Investigator Shin] and the unit" with Supervisor Brennan and LADO Enforcement Manager Laura Ishida ("Manager Ishida"). Moreover, Plaintiff and Investigator Shin were not the only employees in their Enforcement Unit to report Supervisor Brennan for misconduct. Despite this, the EEOC took no corrective or disciplinary action against Supervisor Brennan in connection with Investigator Shin's report or the racist and offensive comments.

Later that same month, Plaintiff put in a request to transfer to another LADO unit, due largely to Supervisor Brennan's continuing harassment and discriminatory conduct. Plaintiff's request was denied, which only seemed to embolden and incense Supervisor Brennan. Plaintiff and Investigator Shin further reported complaints to Supervisor Brennan's superiors in the LADO, primarily Deputy Director Kane, Manager Ishida, and District Director Christine Park-Gonzalez ("Director Park-Gonzalez") (together, "LADO

Superiors"). Still, nothing was done.

Subsequently, Supervisor Brennan began retaliating against Plaintiff and other employees by, for example: mocking, ridiculing, or insulting them; creating a hostile or abusive working environment; yelling or raising his voice at them; micromanaging them; treating them unfairly or as unequal to their co-workers; getting uncomfortably close to them or physically touching them without their consent; berating or belittling them in front of their co-workers; acting physically aggressive or intimidating them; making offensive, harassing, or discriminatory comments toward them or toward protected classes to which they belonged; ordering them to follow his instructions despite being told that it conflicted with the directives of his superiors or with established EEOC or LADO policies; giving them inconsistent instructions, or significantly changing the instructions already given to them after they had put in substantial amounts of time and effort; needlessly criticizing them about time management; and more.

Despite reporting these issues to the LADO Superiors multiple times—and even asking to be transferred to another unit—the EEOC did virtually nothing to address Plaintiff's (or the other employees') complaints and took no corrective or disciplinary action against Supervisor Brennan. When Plaintiff thereafter inquired with the LADO Superiors as to what was being done to put an end to Supervisor Brennan's harassing and retaliatory conduct, the complained-of behavior was ignored and excused.

By failing to take any remedial action to address Plaintiff's and Investigator Shin's repeated reports, the EEOC effectively encouraged Supervisor Brennan's misconduct or, at the bare minimum, failed to properly discourage it.

After it became painfully clear to her that the EEOC would not take any action on her reports, Plaintiff emailed Supervisor Brennan on August 27, 2024 (herein, "August Email") and copied the LADO Superiors and her union representative and President of AFGE Local 3230 Shawna Melva ("Union President Melva"). In the August Email, Plaintiff described in detail—with several specific examples and dates—the unfair,

unequal, and discriminatory treatment she had been subject to at the hands of Supervisor Brennan as well as the LADO Superiors' obvious unwillingness to address the misconduct. Plaintiff's email also expressly noted her belief that she was being discriminated and retaliated against: "I have attended two outreach events, have volunteered to help other investigators such as Todd Maddox with interviewing 23 PCM for Todd's case and have continuously tried to do my very best at work meanwhile having to deal with feeling micromanaged, being asked my schedule (time in and out), being called more than once daily compared to others in my unit, and being subjected to harassment, because I am a woman, I am Hispanic, and I have a disability."

Plaintiff never received any meaningful investigation into her reports of her concerns. Indeed, on September 23, 2024, she was terminated just 2 days before her probation was set to expire.

### 2.    Defendant's Allegations

Due to the lapse in appropriations, EEOC employees with relevant information have been furloughed and Defendant cannot take a position on this issue at this time. When appropriations resume, Defendant will submit a revised report.

## B.    LEGAL ISSUES

**Plaintiff:**

1.    Whether Defendant discriminated against Plaintiff because of her race, color, sex, or national origin.

2.    Whether Defendant retaliated against Plaintiff for reporting incidents of discrimination and harassment by Defendant.

3.    Whether Defendant violated Plaintiff's legal rights under the ADA by discriminating against Plaintiff because of her disability.

4.    Whether Defendant violated Plaintiff's legal rights under the ADA by retaliating against Plaintiff.

**Defendant:**

Due to the lapse in appropriations, EEOC employees with relevant information have been furloughed and Defendant cannot take a position on this issue at this time. When appropriations resume, Defendant will submit a revised report.

## C.    DAMAGES

**Plaintiff:** Plaintiff believes that the damages are in the provable range of $1,000,000 to $10,000,000. However, she contends that this damages range may change based upon information produced in discovery.

**Defendant:** Due to the lapse in appropriations, EEOC employees with relevant information have been furloughed and Defendant cannot take a position on this issue at this time. When appropriations resume, Defendant will submit a revised report.

## D.    INSURANCE

**Plaintiff:** Not Applicable.

**Defendant:** Due to the lapse in appropriations, EEOC employees with relevant information have been furloughed and Defendant cannot take a position on this issue at this time. When appropriations resume, Defendant will submit a revised report.

## E.    MOTIONS

**Plaintiff:** At this time, Plaintiff does not anticipate amending her Complaint to add Parties or claims. However, Plaintiff reserves the right to request leave from the Court to amend her Complaint.

**Defendant**: Due to the lapse in appropriations, EEOC employees with relevant information have been furloughed and Defendant cannot take a position on this issue at this time. When appropriations resume, Defendant will submit a revised report.

**F.**    **COMPLEXITY**

The Parties agree that the Manual for Complex Litigation should not be utilized.

**G.**    **STATUS OF DISCOVERY**

**Plaintiff:** At this time, the Parties have not engaged in discovery.  Per the FRCP, the parties should engage in discovery after the exchange of Rule 26(a)(1) Initial Disclosure Statements.

**Defendant:** Due to the lapse in appropriations, EEOC employees with relevant information have been furloughed and Defendant cannot take a position on this issue at this time. When appropriations resume, Defendant will submit a revised report.

**H.**    **DISCOVERY PLAN**

**1.**    **Initial Disclosures:**

**Plaintiff:** Plaintiff submits that the Initial Disclosure Statements be exchanged on November 14, 2025.

**Defendant:** Due to the lapse in appropriations, EEOC employees with relevant information have been furloughed and Defendant cannot take a position on this issue at this time. When appropriations resume, Defendant will submit a revised report.

**2.**    **Preservation of discoverable information.**

**Plaintiff:** Plaintiff requests that Defendant preserve all pertinent information related to Plaintiff's employment with and termination by Defendant, including but not limited to: any and all correspondence, reports, memorandums and emails.  Plaintiff will do the same.

**Defendant:**  Due to the lapse in appropriations, EEOC employees with relevant information have been furloughed and Defendant cannot take a position on this issue at this time. When appropriations resume, Defendant will submit a revised report.

### 3.   Additional Information Regarding Discovery Plan

With respect to additional information regarding the discovery plan required to be stated herein under Fed. R. Civ. P. 26(f)(3), the Parties state the following:

      a.   <u>Plaintiff's Subjects on Which Discovery May Be Needed</u>.

Without prejudice to her rights to seek discovery on any relevant issue, Plaintiff contemplates that she will need and seek discovery concerning all evidentiary support from Defendant and any relevant non-party, regarding all of Plaintiff's liability claims. Plaintiff will conduct discovery on Plaintiff's work performance; Defendant's knowledge of Plaintiff's disability; and the evidence supporting Defendant's stated reasons for terminating Plaintiff's employment.

      b.   <u>Defendant's Subjects on Which Discovery Will be Needed</u>.

Due to the lapse in appropriations, EEOC employees with relevant information have been furloughed and Defendant cannot take a position on this issue at this time. When appropriations resume, Defendant will submit a revised report.

      c.   <u>Agreed Upon Methods of Discovery</u>.

**Plaintiff**: Plaintiff submits that the anticipated methods of future discovery will include: (1) written discovery in the form of Special Interrogatories, Requests for Admissions, and Requests for Production of Documents; (2) written discovery via issuance of subpoenas to third parties; and (3) oral depositions of Plaintiff, Defendant's current or former employees and "person(s) most knowledgeable" under Rule 30(b)(6), and other relevant witnesses.

**Defendant**: Due to the lapse in appropriations, EEOC employees with relevant information have been furloughed and Defendant cannot take a position on this issue at this time. When appropriations resume, Defendant will submit a revised report.

**4.    Electronically Stored Information.**

**Plaintiff:**  Plaintiff currently does not anticipate that any particular issues regarding ESI will arise.  However, to the extent that discoverable electronic records exist and their production is not unduly burdensome, oppressive, or otherwise objectionable, they may be produced as stored in the normal course of business or in a manner that is searchable, depending on the nature, volume, and the burden of producing this data in such formats.

**Defendant:**  Due to the lapse in appropriations, EEOC employees with relevant information have been furloughed and Defendant cannot take a position on this issue at this time. When appropriations resume, Defendant will submit a revised report.

**5.    Changes to Discovery Imposed by the FRCP or Local Rule.**

**Plaintiff:**   Plaintiff is not requesting changes to the limitations on discovery imposed under the *Federal Rules of Civil Procedure* or the Local Rules.   Should additional discovery beyond what is allowable under the *Federal Rules of Civil Procedure* be necessary, Plaintiff agrees to meet and confer in good faith to resolve the issues.  Should the Parties be unable to resolve discovery issues, Plaintiff reserve her right to bring matters before the Court.  Plaintiff does not believe that discovery needs to be conducted in phases.

**Defendant:** Due to the lapse in appropriations, EEOC employees with relevant information have been furloughed and Defendant cannot take a position on this issue at this time. When appropriations resume, Defendant will submit a revised report.

**6.    <u>Discovery Cut-off</u>**

*See* <u>Exhibit A</u> regarding the Plaintiff's proposed discovery cut-off.

**Defendant**: Due to the lapse in appropriations, EEOC employees with relevant information have been furloughed and Defendant cannot take a position on this issue at this time. When appropriations resume, Defendant will submit a revised report.

JOINT RULE 26(f) REPORT

## I.   <u>EXPERT DISCOVERY</u>

*See* <u>Exhibit A</u> regarding the Plaintiff's proposed expert discovery disclosures and cut-off.

**Defendant**: Due to the lapse in appropriations, EEOC employees with relevant information have been furloughed and Defendant cannot take a position on this issue at this time. When appropriations resume, Defendant will submit a revised report.

## J.   <u>DISPOSITIVE MOTIONS</u>

**Plaintiff:**   At this time, Plaintiff does not anticipate bringing a dispositive Motion. If Defendant files a motion for summary judgement, or alternatively, a motion for partial summary judgment, Plaintiff requests a briefing schedule.   Example: If Defendant files an MSJ, it will be filed 8 weeks before the MSJ hearing.   Plaintiff will file her Opposition to the MSJ 5 weeks before the MSJ hearing.   Defendant will file their Reply brief, 2 weeks before the MSJ Hearing.   Plaintiff is requesting more than 1 week to prepare her Opposition to the dispositive motion.

**Defendant:**   Due to the lapse in appropriations, EEOC employees with relevant information have been furloughed and Defendant cannot take a position on this issue at this time. When appropriations resume, Defendant will submit a revised report.

## K.   <u>ALTERNATIVE DISPUTE RESOLUTION PROCEDURE SELECTION</u>

**Plaintiff**: Plaintiff is amenable to participating in the Court Mediation Panel pursuant to Local Rule 16-15.4, ADR PROCEDURE NO. 2.   Plaintiff will agree to use the mediation services of Richard Copeland from the ADR Panel.

**Defendant**: Due to the lapse in appropriations, EEOC employees with relevant information have been furloughed and Defendant cannot take a position on this issue at this time. When appropriations resume, Defendant will submit a revised report.

**L.    SETTLEMENT EFFORTS**

There have been no substantive settlement communications to date.

**Plaintiff:** Plaintiff submits that a settlement conference with panel mediator, Rick Copeland would be appropriate.

**Defendant**: Due to the lapse in appropriations, EEOC employees with relevant information have been furloughed and Defendant cannot take a position on this issue at this time. When appropriations resume, Defendant will submit a revised report.

**M.    PRELIMINARY TRIAL ESTIMATE**

**Plaintiff:** Plaintiff estimates a 5-day to 7-day jury trial.

**Defendant:**  Due to the lapse in appropriations, EEOC employees with relevant information have been furloughed and Defendant cannot take a position on this issue at this time. When appropriations resume, Defendant will submit a revised report.

**N.    TRIAL COUNSEL:**

**Plaintiff's trial counsel**: Robert S. Brown and Sa'id Vakili.

**Defendant's trial counsel**:  Due to the lapse in appropriations, EEOC employees with relevant information have been furloughed and Defendant cannot take a position on this issue at this time. When appropriations resume, Defendant will submit a revised report.

**O.    INDEPENDENT EXPERT OR MASTER:**

**Plaintiff:** Plaintiff does not believe that a master pursuant to Rule 23 or an independent scientific expert is necessary in this case.

**Defendant:**  Due to the lapse in appropriations, EEOC employees with relevant information have been furloughed and Defendant cannot take a position on this issue at this time. When appropriations resume, Defendant will submit a revised report.

JOINT RULE 26(f) REPORT

**P.**    **OTHER ISSUES**

     **Plaintiff**:  At this time, Plaintiff does not have any proposals regarding severance, bifurcation, or other ordering of proof.

     **Defendant**: Due to the lapse in appropriations, EEOC employees with relevant information have been furloughed and Defendant cannot take a position on this issue at this time. When appropriations resume, Defendant will submit a revised report.

DATED: October 31, 2025         **VAKILI & LEUS, LLP**

                            By: /s/ Robert S. Brown_____
                                   Sa'id Vakili, Esq.
                                   Robert S. Brown, Esq.
                                   *Counsel for Plaintiff Estefane A. Fialloss*

DATED: October 31, 2025         **UNITED STATES ATTORNEY'S OFFICE**

                            By: /s/ Julian Xu_____
                                     Julian Xu, Esq.
                                   *Counsel for Defendant Andrea Ruth Lucas in her Official Capacity as Acting Chair of the Equal Employment Opportunity Commission*

## SCHEDULE OF PRETRIAL AND TRIAL DATES

| Matter | Time | Weeks before trial | Plaintiff's Request | Defendant's Request | Court's Order |
|---|---|---|---|---|---|
| Trial (jury)<br>Plaintiff: 5-6 days<br>Defendant: | | | 11-3-26 | | |
| Pretrial Conference, L.R. 16;<br>Hearings on Motions in Limine | | 4 | 10-5-26 | | |
| For Jury Trial<br>Lodge Pretrial Conference Order, LR 16-7;<br>File Agreed Set of Jury Instructions and Verdict Forms;<br>File Statement Regarding Disputed Instructions, Verdicts, etc.;<br>File Oppositions to Motions in Limine | | 6 | 9-21-26 | | |
| For Jury Trial<br>File Memo of Contentions of Fact and Law, LR 16-4;<br>Exhibit & Witness Lists, LR 16-5 & 16-6;<br>File Status Report Regarding Settlement;<br>File Motions in Limine. | | 7 | 9-14-26 | | |
| Last date to conduct ADR Proceedings, LR 16-15 | | 12 | 8-10-26 | | |
| Last date for **hearing** motions, LR 7 | | 14 | 7-24-26 | | |
| Non-expert Discovery Cut-off | | 21+ | 5-1-26 | | |
| Expert Disclosure (initial) | | | 5-15-26 | | |
| Expert Disclosure (rebuttal) | | | 5-29-26 | | |
| Expert Discovery Cut-off | | 21+ | 6-26-26 | | |

JOINT RULE 26(f) REPORT

| Last Date to Amend Pleadings or Add Parties | | | 4-1-26 | | |
|---|---|---|---|---|---|

## **ATTESTATION**

     Pursuant to L.R. 5-4.3.4(a)(2), the undersigned hereby attests that all other signatories listed, on whose behalf this filing is submitted, concur in the filing and consent to and have authorized the filing.

                                   */s/ Robert S. Brown*

ROBERT S. BROWN

JOINT RULE 26(f) REPORT