Sa'id Vakili (SBN: 176322)
*vakili@vakili.com*
Robert S. Brown (SBN: 187845)
*rstanfordbrown@gmail.com*
Stephen P. Hoffman (SBN: 287075)
*hoffman@vakili.com*
**VAKILI & LEUS, LLP**
3701 Wilshire Boulevard, Suite 1135
Los Angeles, California  90010-2822

**213/380-6010** | Fax: 213/380-6051
*Counsel for Plaintiff Estefane A. Fialloss*

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
JULIAN J. XU (Cal. Bar No. 341375)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-0546
    E-mail: Julian.Xu@usdoj.gov
Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| **ESTEFANE A. FIALLOSS,**<br><br>**Plaintiff,**<br><br>v.<br><br>**ANDREA RUTH LUCAS, in her official capacity as Acting Chair of the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION; and DOES 1- 10, Inclusive,**<br><br>**Defendants.** | **CASE NO.: 2:25-cv-01321-JLS-JPR**<br><br>[*Hon. Josephine L. Staton / Courtroom 8A*]<br><br>**AMENDED JOINT RULE 26(f) REPORT** |

Plaintiff ESTEFANE A. FIALLOSS ("Plaintiff" and/or "Fialloss") and defendant ANDREA RUTH LUCAS, in her official capacity as Acting Chair of the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("Defendant"), collectively, the "Parties," by and through their respective counsel of record, submit the following Joint Rule 26(f) Report.

Pursuant to Federal Rules of Civil Procedure Rule 26(f) and the Court's January 13, 2026 Order (Dkt. 27), counsel for the Parties met and conferred and hereby submit their revised Joint Rule 26(f) Conference Report.

A.    **STATEMENT OF THE CASE**

1.    **Plaintiff's Position:**

Plaintiff was appointed on August 31, 2023 to the position of Equal Opportunity Investigator (Bilingual-Spanish) in the EEOC's Los Angeles District Office ("LADO"), with a scheduled start date of September 25, 2023. She was hired under a Pathways Recent Graduates Program Excepted Service Appointment and subject to a one-year probationary period set to expire on September 25, 2024. Plaintiff completed onboarding and began work as scheduled.

Beginning in or about March 2024, Plaintiff was subjected to discriminatory, harassing, and retaliatory conduct by her direct supervisor, Mark Brennan, including racially and ethnically offensive remarks, disparate scrutiny, intimidation, and unequal terms and conditions of employment. Plaintiff and at least one other investigator contemporaneously reported this conduct to LADO management, including the Deputy District Director, Enforcement Manager, and District Director. Despite notice, Defendant failed to take prompt or effective remedial action.

After Plaintiff requested a transfer due to ongoing harassment and discrimination, Defendant denied the request and the misconduct escalated. Plaintiff engaged in protected activity by repeatedly reporting discrimination and retaliation internally and by initiating

contact with the EEOC's Office for Civil Rights, Diversity, and Inclusion ("OCRDI") on August 28, 2024.

On August 27, 2024, Plaintiff sent a detailed written complaint to her supervisor, copied to senior management and her union representative, expressly asserting discrimination and retaliation based on sex, race, national origin, and disability.

On September 23, 2024—two days before her probationary period was set to expire—Plaintiff was terminated. Plaintiff thereafter timely pursued administrative remedies, including initiating the EEO process and filing an appeal with the Merit Systems Protection Board ("MSPB"), which was dismissed for lack of jurisdiction. Plaintiff filed this civil action within thirty days of the MSPB's final decision.

Defendant moved to dismiss the Complaint for alleged failure to exhaust administrative remedies. On September 9, 2025, the Court denied Defendant's Motion to Dismiss in its entirety, holding that exhaustion under Title VII is not jurisdictional and that dismissal at the pleadings stage was premature because Plaintiff plausibly alleged exhaustion and equitable tolling or estoppel.

**2.**   **Defendant's Position:**

Plaintiff is suing Defendant regarding her probationary employment as an EEO Investigator in the Commission's Los Angeles District Office. Plaintiff brings four causes of action: (1) unlawful discrimination based on race, color, sex, and national origin in violation of Title VII; (2) unlawful retaliation under Title VII; (3) unlawful discrimination under the ADA; and (4) unlawful retaliation under the ADA.

Because Plaintiff was a probationary employee removed during her probationary period, Plaintiff did not have appeal rights to the Merit Systems and Protections Board ("MSPB"). Rather, Plaintiff's statutory remedy was to file informal and formal complaints with the EEO. Here, because Plaintiff never filed a formal EEO complaint, the agency has had no opportunity to investigate the charge.

Defendant intends to move for summary judgment on the basis that, among other things, each of Plaintiff's claims should be dismissed for failure to exhaust administrative remedies, because she failed to file a formal EEO complaint relating to these allegations. *See Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2001) (citing 42 U.S.C. § 2000e-16(c)).

**B.    LEGAL ISSUES**

**Plaintiff:**

1.    Whether Defendant subjected Plaintiff to discrimination based on race, color, sex, national origin, and disability in violation of Title VII and the ADA.

2.    Whether Defendant subjected Plaintiff to a hostile work environment based on protected characteristics.

3.    Whether Defendant retaliated against Plaintiff for engaging in protected activity, including internal complaints and participation in the EEO process.

4.    Whether Defendant failed to provide reasonable accommodation or to engage in the interactive process as required by the ADA.

5.    Whether Plaintiff satisfied, substantially complied with, or is excused from administrative exhaustion requirements under Title VII and the ADA, including under principles of equitable tolling or estoppel, as recognized by the Court's September 9, 2025 Order denying Defendant's Motion to Dismiss.

**Defendant:**

Legal issues include, but are not limited to:

1.    Whether Plaintiff's lawsuit is barred by her failure to exhaust administrative remedies;

2.    Whether Plaintiff can demonstrate she was discriminated against on the basis of race, color, sex, national origin or disability;

3.    Whether Plaintiff can set forth sufficient evidence to rebut Defendant's legitimate nondiscrimination reasons for its actions.

**C.**    **DAMAGES**

**Plaintiff:**

Plaintiff seeks all legal and equitable relief available under Title VII and the ADA, including back pay, front pay, compensatory damages for emotional distress and loss of professional reputation, and attorneys' fees and costs. Based on information presently available, Plaintiff believes her damages exceed $1,000,000, subject to statutory limitations and further refinement through discovery.

**Defendant:**

Defendant maintains that Plaintiff will not be entitled to recover damages.

**D.**    **INSURANCE**

**Plaintiff:**

Not Applicable.

**Defendant:**

Not Applicable.

**E.**    **MOTIONS**

**Plaintiff:**

Plaintiff does not presently anticipate amending the Complaint but expressly reserves the right to seek leave to amend consistent with the Federal Rules of Civil Procedure and the Court's rulings. Plaintiff anticipates opposing any dispositive motions filed by Defendant and may seek appropriate pretrial relief as discovery proceeds.

**Defendant:**

Defendant does not anticipate many motions seeking to add other parties or claims, amended pleadings, or motions to dismiss for lack of jurisdiction. As detailed below, Defendant does anticipate filing a motion for summary judgment.

4

**F.**    **COMPLEXITY**

The Parties agree that the Manual for Complex Litigation should not be utilized.

**G.**    **STATUS OF DISCOVERY**

At this time, the Parties have not engaged in discovery.  Per the FRCP, the parties should engage in discovery after the exchange of Rule 26(a)(1) Initial Disclosure Statements.

**H.**    **DISCOVERY PLAN**

    **1.**    **Initial Disclosures:**

The parties agree to exchange Initial Disclosures on February 2, 2026. The Parties anticipate that discovery will include interrogatories, requests for production, and requests for admission, document production of medical records, any economic records that may be relevant to Plaintiff's claimed damages, and the administrative record in this case. The parties also anticipate that discovery will include depositions of the Plaintiff and percipient witnesses. The parties also anticipate deposing any expert witnesses designated by the opposing party.

The Parties do not anticipate the need for phased discovery.

The Parties do not presently seek any changes to the Federal Rules of Civil Procedure or Local Rules governing written discovery except regarding service. The parties agree that initial and supplemental disclosures, initial and rebuttal, expert disclosures, written discovery (interrogatories, requests for production of documents, requests for admission), deposition notices, and any other discovery or disclosure item that is required by the Federal Rules of Civil Procedure to be served by U.S. mail, may be served by email only to the email address of record for counsel and their support staff, for the parties, and that any document production that is too large to be served via email will be served by uploading the document production to USAfx (the Government's secure, cloud-based file-sharing platform).

AMENDED JOINT RULE 26(f) REPORT

The Parties agree to facilitate production of documents from third parties, such as medical and mental health providers by promptly signing any necessary authorizations for release of records by those third parties.

Defendant may seek a mental examination of the Plaintiff pursuant to Federal Rules of Civil Procedure 35.

The Parties are not aware of any issues regarding electronically stored information. The Parties agree that, unless otherwise stipulated, the documents exchanged in this matter, including documents disclosed as part of the Parties' initial disclosures, will be Bates-stamped and provided in hard copy or as electronic PDF files. *See* Local Rule 26-3.1 All medical imaging studies will be produced in a format that allows a proper analysis of the images.

The Parties do not at this time propose any special procedure regarding privilege or protection of trial-preparation material.

The Parties agree to preserve all pertinent information related to Plaintiff's employment with and termination by Defendant, including but not limited to: any and all correspondence, reports, memorandums and emails.

*See* Exhibit A regarding the Parties' proposed discovery cut-off.

## I.     **EXPERT DISCOVERY**

*See* Exhibit A regarding the Parties' proposed expert discovery disclosures and cut-off.

## J.     **DISPOSITIVE MOTIONS**

### **Plaintiff:**

Plaintiff does not presently anticipate filing a dispositive motion. In the event Defendant files a motion for summary judgment or partial summary judgment, Plaintiff requests a reasonable briefing schedule that allows adequate time for discovery and

preparation of a substantive opposition, particularly in light of the Court's denial of Defendant's Motion to Dismiss on exhaustion grounds.

Plaintiff will file her Opposition to the MSJ five (5) weeks before the MSJ hearing. Defendant will file their Reply brief, two (2) weeks before the MSJ Hearing.  Plaintiff is requesting more than one (1) week to prepare her Opposition to the dispositive motion.

**Defendant:**

Defendant intends to file a motion for summary judgment on the basis that, among other things, each of Plaintiff's claims should be dismissed for failure to exhaust administrative remedies, because she failed to file a formal EEO complaint relating to these allegations. *See Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2001) (citing 42 U.S.C. § 2000e-16(c)).

**K.    ALTERNATIVE DISPUTE RESOLUTION PROCEDURE SELECTION**

The parties are amenable to participating in the Court Mediation Panel pursuant to Local Rule 16-15.4, ADR PROCEDURE NO. 2.  The parties agree to use the mediation services of Richard Copeland from the ADR Panel.

**L.    SETTLEMENT EFFORTS**

There have been no substantive settlement communications to date.

**Plaintiff:**

Plaintiff submits that a settlement conference with panel mediator, Rick Copeland would be appropriate.

**Defendant**:

Defendant does not object to a settlement conference with panel mediator Rick Copeland.

**M.    PRELIMINARY TRIAL ESTIMATE**

**Plaintiff:**

Plaintiff estimates a 5-7 day jury trial.

**Defendant**:

Defendant estimates a 3-5 day jury trial.

**N.   TRIAL COUNSEL:**

**Plaintiff's Trial Counsel**:

Robert S. Brown and Sa'id Vakili.

**Defendant's Trial Counsel**:

Julian J. Xu.

**O.   INDEPENDENT EXPERT OR MASTER:**

The Parties do not believe that appointment of a special master or independent expert is necessary at this time.

**P.   OTHER ISSUES**

At this time, the Parties do not have any proposals regarding severance, bifurcation, or other ordering of proof.

DATED: January 20, 2026                    **VAKILI & LEUS, LLP**


                                           By: */s/ Robert S. Brown*
                                               Sa'id Vakili, Esq.
                                               Robert S. Brown, Esq.
                                               *Counsel for Plaintiff Estefane A. Fialloss*

///
///
///
///
///
///
///
///

AMENDED JOINT RULE 26(f) REPORT

DATED: January 20, 2026

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney


By:  */s/ Julian J. Xu*
JULIAN J. XU
Assistant United States Attorney
Attorneys for Defendant

AMENDED JOINT RULE 26(f) REPORT

## **ATTESTATION**

Pursuant to L.R. 5-4.3.4(a)(2), the undersigned hereby attests that all other signatories listed, on whose behalf this filing is submitted, concur in the filing and consent to and have authorized the filing.

_/s/ Robert S. Brown_
ROBERT S. BROWN

AMENDED JOINT RULE 26(f) REPORT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>CERTIFICATE OF SERVICE</u>**

*Estefane A. Fialloss v. Andrea Ruth Lucas, in her official capacity as Acting Chair of the U.S. Equal Employment Opportunity Commission, et al.*
*U.S.D.C. C.D. Cal. Case No.: 2:25-CV-01321-JLS-JPRx*

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is Vakili & Leus, LLP, 3701 Wilshire Boulevard, Los Angeles, Suite 1135, Los Angeles, California 90010.

On January 20, 2026, I served the foregoing document described as **AMENDED JOINT RULE 26(f) REPORT** on all interested parties in this action at the addresses listed below, as follows:

Julian John Xu, Esq.
Assistant United States Attorney
*julian.xu@usdoj.gov*
300 North Los Angeles Street, Suite 7516
Los Angeles, California 90012
**213/894-3104** | Fax: 213/894-7819

*Counsel for Defendant Andrea Ruth Lucas, in her official capacity as Acting Chair of the U.S. Equal Employment Opportunity Commission*

I hereby certify that on the 20th day of January 2026, I will cause to be served the above-referenced document via the United States District Court's Electronic Filing Program on the designated recipient via electronic transmission through the CM/ECF system on the Court's website.  The Court's CM/ECF system will generate a Notice of Electronic Filing ("NEF") to the filing party, the assigned judge, and any registered users in this action.  The NEF will constitute service of the document.  Registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.

/s/ *Jason C. Ming*
Jason C. Ming

CERTIFICATE OF SERVICE